AGEL & LEVIN v. F. R. PATCH MFG. Co.

May Term, 1904.

Present:   ROWELL, C. J., TYLER, MUNSON, START, WATSON, STAFFORD, and HASELTON, JJ.

Opinion filed August 26, 1904.

*Contracts—Modification—When Binding—Consideration.*

When a party to a valid contract, having broken it, consents to perform on terms more favorable to himself, however it may be while the modified contract remains executory, after it is performed by the party in whose favor it was modified, it becomes binding on both parties, unless it appears that such was not their intention.

The plaintiffs, by correspondence, sold to the defendant a car of scrap iron at $18 per net ton delivered at Rutland, and after shipment, but before delivery, the defendant refused to take the iron at that price, whereupon the parties verbally altered the contract by fixing the price at $18 per gross ton, and thereupon the defendant took the iron and paid for it at the latter price. *Held*, that, as the new agreement had been acted upon by the parties and fully performed by the defendant, the plaintiffs cannot now enforce the original agreement without injustice to the defendant.

GENERAL ASSUMPSIT to recover a balance claimed to be due on a car of scrap iron. Pleas, the general issue, payment, and accord and satisfaction. Trial by court in the City Court of the city of Burlington. *Hawkins*, Judge. Judgment for the defendant. The plaintiff excepted.

The exceptions state that, "the evidence in the case showed that the iron was shipped by the plaintiffs on the 3rd day of July, 1903, and arrived in Rutland on the 13th day of July 1903, and there is no dispute on this point."

The court found that the modification in question was made on the 13th day of July 1903, and prior to the delivery and acceptance of the iron, but after defendant had received

a bill of the car of iron from the plaintiff, charging the iron at $18 per net ton.

*Mower & Peck* for the plaintiff.

Verbal agreements without consideration are ineffectual to modify a valid contract in any material respect. *Hawley* v. *Farrar,* 1 Vt. 420; *Thurston* v. *Ludwig,* 67 Am. Dec. 328; *Jones* v. *Alley,* 4 G. Greene 181 (Iowa); *Little* v. *Rees,* 26 N. W. 7; *Marshall* v. *Ames,* 11 Ohio Cir. Ct. R. 363; *Russell* v. *Buck,* 11 Vt. 166; *Morrison* v. *Heath,* 11 Vt. 610; *Cole* v. *Shurtleff,* 41 Vt. 311; *Montpelier Seminary* v. *Smith's Est.* 69 Vt. 382; *Cobb* v. *Cowdery et al.,* 40 Vt. 25; *Ayers* v. *Chicago etc., C. Co.,* 52 Iowa 478; *Robinson* v. *Jewett,* 116 N. Y. 40; 1 Parsons Contracts, 7th Ed. 467.

At the time of the alleged modification the execution of the original contract had been entered upon by the plaintiffs, and fully performed by them. Contracts so performed cannot be modified without a consideration. Clark Cont., 609; *Brown* v. *Catawba,* 23 S. E. 253; *Tomlinson* v. *Smith et al.,* 2 Iowa 39; *Hyler* v. *Humble,* 100 Ind. 38.

*Cushman & Sherman* for the defendants.

The modified contract is binding and upon sufficient consideration, as the parties have acted thereunder. *Stewart* v. *Ketellas,* 36 N. Y. 388; *Munroe* v. *Perkins,* 9 Pick. 298; *Rollins* v. *Marsh,* 128 Mass. 116; *Blood* v. *Enos,* 12 Vt. 625; *Lattimore* v. *Harsen,* 14 Johns. 330.

ROWELL, C. J.   The case is this, as far as necessary to be stated: The plaintiffs, by correspondence, sold to the defendant a car of scrap iron at $18.00 per net ton delivered at Rutland. After shipment but before delivery the defendant

refused to take the iron at $18.00 per net ton, whereupon the parties verbally altered the contract by fixing the price at $18.00 per gross ton, and thereupon the defendant took the iron and paid for it at the latter price. The plaintiffs now claim that the alteration was without consideration and void, and seek to recover in general assumpsit the difference between the prices.

Some courts hold that a party is not bound to perform his contract, but may break it at will and pay damages; and that, having broken it, if he consents to perform on terms more favorable to himself, he is doing that which he is not legally bound to do, and so there is a sufficient consideration for the other party's assent to those terms. Other courts hold that a party is bound to perform his contract, and consequently that there is no consideration for the other party's assent to those terms, unless there is a valid discharge of the original contract. Harriman, Cont. 70.

But however this may be while the modified contract remains executory, when it is performed by the party in whose favor it was modified, it becomes binding on both parties, and the original contract is thereby discharged, unless it appears that such was not the intention of the parties. *Rogers* v. *Rogers,* 139 Mass. 440; *Lawrence* v. *Davey,* 28 Vt. 264. It is said in *Thurston* v. *Ludwig,* 6 Ohio St. 1, 67 Am. Dec. 328, that there is a class of cases that a written contract may be altered by mere verbal agreement of the parties, which, at its inception, would have no binding force, but when acted upon by the parties till it would work a fraud or an injury to refuse to carry it out, would become binding and effective as a contract.

Even a contract under seal may be discharged by the performance of a subsequent parol agreement. Thus, in

*Munroe* v. *Perkins,* 9 Pick. 298, 20 Am. Dec. 475, the plaintiff, by an instrument under seal, agreed to erect a building for a price that proved inadequate, and having performed in part, refused to proceed, whereupon the defendant promised that if he would complete the work he should be paid a reasonable price for his labor and materials, and thereupon he completed the work; and it was held that having completed it on the faith of the new contract, the plaintiff could recover on the strength of it, and that the old contract was no defence. See, also, *Dearborn* v. *Cross,* 7 Cow. 48. In *Le Fevre* v. *Le Fevre,* 4 Serg. and Rawle, 241, 8 Am. Dec. 696, parol evidence was admitted to prove an alteration of the course of an aqueduct established by deed. The court said that if the agreement substituting another spot had not been acted upon, it would not have been admissible, but as the situation of the parties had been altered by acting upon it, the evidence was proper, for a party may prove by parol that after signing a written agreement the parties made a verbal agreement varying it, provided the variation had been acted upon and the original agreement cannot be enforced with a fraud upon one party.

In the case at bar the new agreement has been acted upon by the parties and fully performed by the defendant, and the original agreement cannot now be enforced without injustice to the defendant.

*Judgment affirmed, with additional costs.*