# CASES

### IN THE

# SUPREME JUDICIAL COURT

#### OF THE

## STATE OF MAINE

———

ALBION L. SAVAGE

*vs.*

NORTH ANSON MANUFACTURING COMPANY.

Franklin.   Opinion June 5, 1924.

*Under a plea of res judicata, if extrinsic evidence is necessary to establish identity of parties, or cause of action, and from the evidence different conclusions may be reached by different minds, it is not a question of law, but of fact for a jury.   If from the evidence a tender does not appear to have been made in full settlement of a claim, and accepted as full settlement, as a matter of law it cannot be said to constitute accord and satisfaction of full claim, but is a question of fact for a jury under appropriate instructions.*

In the instant case the plaintiff not being a party to the former action, nor a privy, and it not appearing from the evidence that his claim was included in the former action at his request, he was not bound by the judgment thus obtained.

The mere fact that he was interested in the result and testified is not alone sufficient to bind him; it must appear that he was represented by the plaintiff in the former action.

From the evidence in this case it cannot be said, as a matter of law, that the plaintiff was represented by the parties who included his claim with their own in the former action.

An analysis of the written agreement between these parties discloses that it did not obligate the plaintiff to furnish any fir logs sued for in this action, and that the oral agreement to pay the price for fir logs which is the basis of this action was, when the logs were delivered, a valid obligation based upon an adequate consideration.

Vol. 124—2

On exceptions. An action of assumpsit on account annexed to recover a balance alleged to be due for fir logs. The defendant, entered into a written agreement to purchase of plaintiff spruce, fir and pine logs he was about to cut paying therefor $24.00 per thousand for pine and spruce and $20.00 per thousand for fir. Subsequently it was agreed between the parties orally that the price for the fir was to be $24.00 per thousand. An action was brought by Hanscom and Blanchard, its purchasing agents, against defendant for the same fir logs at $20.00 per thousand and the money recovered paid to plaintiff who testified in the trial. This action was brought to recover what plaintiff claims is due him as a balance for the fir logs at $24.00 per thousand. Under the general issue and brief statement the defense of res judicata was pleaded. At the close of plaintiff's evidence on motion by defendant the presiding Justice ordered a verdict for defendant and plaintiff excepted. Exceptions sustained.

The case is fully stated in the opinion.

*Frank A. Morey*, for plaintiff.

*Butler & Butler and Frank W. Butler*, for defendant.

SITTING:   PHILBROOK,   DUNN,   MORRILL,   WILSON,   DEASY,  STURGIS, JJ.

MORRILL, DEASY, JJ., concurring in result.   DUNN, J., dissenting.

WILSON, J.   In July, 1918, the defendant made an offer in writing to the plaintiff to buy at a stipulated price per thousand feet, pine, spruce and fir logs, the written offer being in part of the following tenor:

"We understand that you are about to make a contract with the Stratton Mfg. Co. for whatever pine they may have on their *hands* situated in Coplin Plantation.   We will buy this from you cut down to 10" on the stump, etc.

"For this pine we will pay you $24.00 delivered into the Dead River Corporation in due course for the drive of 1919.

"On the spruce, fir and pine which you think you may cut on the Mary Potter Lot so called we would take the spruce and pine of this cut in the same way and at the same price, and for the fir saw logs which you may get in cutting this lot we would pay you $20.00 per M feet.   And the same terms and prices and conditions, etc. would apply on the Bert Hammond Farm, if you decide to cut that."

The omitted parts of the offer have no bearing upon the question at issue in this case. The above proposal was accepted by the plaintiff by simply writing the word "accepted" at the bottom of the proposal and affixing his signature thereto.

Before beginning operations on any of these lots the plaintiff, in the Fall of 1918, called the manager of the defendant company on the telephone and in substance said to him, that the expense of operating had so materially increased since July when its proposal was made and accepted, that he could not afford to cut any logs at the prices fixed therein. The manager himself testified that, as it was of great advantage to the defendant to obtain all the logs it could that season, he told the plaintiff to go ahead and cut and the defendant would make it right with him.

Before actually beginning operations, however, the plaintiff, accompanied by one Hanscom of the firm of Hanscom and Blanchard, purchasing agents of the defendant at that time, visited the offices of the defendant and had a conference with its manager in person for the purpose of fixing the price of the logs which might be cut and delivered by the plaintiff during the coming Winter.

As a result of this conference it was finally orally agreed that the plaintiff would proceed to cut and the defendant would pay him the same price for fir logs as had been previously fixed for spruce and pine, viz.: $24.00 per thousand, which was $4.00 more per thousand than the sum named for such fir logs as might be delivered under the original proposal.

Acting upon this offer, the plaintiff began operations and, as appears by his declaration in this action, cut fir logs not only on all the lots mentioned in the original written proposal, but also upon a fourth lot, not mentioned therein, and described in the declaration as the "Dudley land," and delivered to the defendant in the Spring of 1919 a total of 437,705 feet of fir logs, for which he claims he is entitled to be paid at the rate of $24.00 per thousand.

It appears, however, that he has already received on account of the fir logs delivered the sum of $8,754.10, or at the rate of $20.00 per thousand. This action of assumpsit on an account annexed is now brought to recover what he claims is the balance due him for fir logs at the price of $24.00 per thousand agreed upon at the conference with the defendant's manager.

Upon the evidence presented, the presiding Justice at the close of the trial, on motion of the defendant, directed a verdict for the defendant, and the case is now before this court on the plaintiff's exceptions to this ruling.

It appears from the evidence that the same fir logs at $24.00 per thousand were included in an action brought against this defendant by Hanscom and Blanchard, its purchasing agents, and that this plaintiff testified in that action; that the presiding Justice in that action held that the promise of the defendant to pay the additional $4.00 a thousand for fir logs was without any consideration, and as a result Hanscom and Blanchard only recovered on a basis of $20.00 per thousand for the fir logs furnished by this plaintiff, which sum so recovered was paid to him by Hanscom and Blanchard.

The defendant in his pleadings in the case at bar sets up the defense that this plaintiff is now bound by the judgment recovered in the former action brought by Hanscom and Blanchard.

It is a general and fundamental rule that judgments to be binding must be for the same cause of action and between the same parties or their privies. Under the term, parties, the law includes all persons who, though not nominally parties, but being directly interested in the subject matter, have a right to make a defense, or to control the proceedings, and to appeal from the judgment of the court, which right also includes the right to adduce testimony and cross-examine witnesses offered by the other side. Persons not having these rights are regarded as strangers to the cause and, of course, are not bound. Greenleaf on Ev., Vol. 1, Sec. 523; *Cecil* v. *Cecil*, 19 Md., 72, 80; *Lovejoy* v. *Murray*, 3 Wall, 1, 19. Privies with respect to judgments are those who have some mutual or successive relationship derived from one of the parties and accruing subsequent to the commencement of the action. 23 Cyc., 1253. 5, b; Bigelow on Estoppel, Page 142; *Seymour* v. *Wallace*, 121 Mich., 402; *Orthwein* v. *Thomas*, 127 Ill., 554. To give full effect to this rule, however, all persons represented by the parties, and who claim under them, are equally concluded.

While the record of the former judgment was not introduced in evidence, it is, of course, apparent that the plaintiff in this action was not nominally, at least, a party to the former proceedings. While it appears that he testified in the former action, it does not appear what the nature of his testimony was.

At some point in his testimony, the justice then presiding, halted the case, and in substance the following colloquy between court and counsel for Hanscom and Blanchard took place:

"THE COURT: You claim you have a legal claim against the North Anson Mfg. Co., in favor of this man (referring to Mr. Savage who was then on the stand) or this man has a legal claim?

"COUNSEL: We claim so, but I am not his (Mr. Savage's) attorney. He has gone on and stated his position, and if I was his attorney that would be one thing, but I am not, and I am not authorized to speak for him.

"THE COURT: The question here is between Hanscom and Blanchard and the North Anson Mfg. Co. If this man knows what the balance is due from the North Anson Mfg. Co., to Hanscom and Blanchard, he can testify, but as to what is due between him and Hanscom and Blanchard is not material, or between him and the North Anson Mfg. Co. This case is between Hanscom and Blanchard and the North Anson Mfg. Co.

"COUNSEL: We don't want them (referring to defendant Co.) to be in this position. When they get done with this case, they will say: Here is a charge by Hanscom and Blanchard, and therefore he (meaning Mr. Savage), can have nothing. If they should discount his bill, he is in a position to want to collect his claim against the North Anson Mfg. Co. We have put it in our claim, because we believed there was the place for it, but it appears from his contract that he has also got a bill against the North Anson Mfg. Co. Now we don't want to be held to him, and let counsel for the Company cut us out of getting our pay from the North Anson Mfg. Co. If they release us entirely from this and if Mr. Savage releases Hanscom and Blanchard from any further action in regard to the balance due of $10,000. we will strike it out of our writ, but if we are to be held, we want our money."

Without any other evidence as to the grounds on which Hanscom and Blanchard recovered for the fir logs in the former action, or the participation of this plaintiff therein, except that he accepted from Hanscom and Blanchard the sum recovered by them, but not, as he testified, in settlement of his claim, this court is asked to hold as a matter of law that this plaintiff is bound by that judgment.

Upon such evidence, it can hardly be said that, as a matter of law, this plaintiff had such control over the former proceedings, brought by

Hanscom and Blanchard primarily to enforce their own claim, 120 Maine, 220, as would permit him to appeal from the judgment, or except to the rulings of the court, to adduce testimony in his own behalf, or cross-examine witnesses. Nor does the fact that he had an interest in the suit and testified, by itself, render the judgment binding upon him. *Cockins* v. *Bank of Alma*, 84 Neb., 624, 628; *Lee* v. *School Dis.*, 149 Ia., 345, 353; *Central Baptist Church & Soc.* v. *Manchester*, 17 R. I., 492, 494.

The elements necessary to bind this plaintiff as a party or privy to the former action are, we think, clearly lacking. Can it then be said, that he was represented in the former action by Hanscom and Blanchard and so is bound?. Surely, upon the evidence before this court, not as a matter of law.

There is not a scintilla of evidence that Savage ever requested Hanscom and Blanchard to include his claim in their action, or ever consented to it, except as it may be inferred from the fact that he was a witness, though the nature of his testimony does not appear, and accepted, but as he testified, not in settlement of his claim, the sum recovered by them. Statement of counsel above referred to, however, discloses the reason for the fir logs being included in their action. It was evidently done for the sole purpose of protecting Hanscom and Blanchard against some fancied claim that Savage might have against them, and not at the request or for the benefit of Savage.

Upon this point the statement of counsel is, we think, conclusive: "If Mr. Savage releases Hanscom and Blanchard from any further action, we will strike it out of our writ; but if we are held, we want our money." The basis on which it entered into the judgment is not disclosed by the evidence, but is left to conjecture.

The further statement of counsel for Hanscom and Blanchard in the former action, which is a part of the evidence in this case, that he did not represent Savage and could not prejudice his rights; that Savage had a claim against the defendant under his contract; and that they had put it in their writ because they did not want to be in any way held to him and not get their money out of the defendant, shows, almost beyond cavil, that Hanscom and Blanchard did not represent Savage in the former action; that he could not have controlled the procedings in their action, or excepted to the rulings of the court against him, and that he was in law a stranger to that cause.

And, as further bearing on this issue, where as in this case, extrinsic evidence is necessary to establish either identity of parties or cause of action and there is conflict of testimony, or a doubt as to its value, it is held to be no longer a question of law for the court but of fact for the jury. 23 Cyc., 1543, D-1. As the Massachusetts Court said in *Foye* v. *Patch*, 132 Mass., 111: "When extrinsic evidence is necessary to determine what issues are actually tried and determined, or to determine the identity of the parties, or of the subject matter, such evidence must be submitted to the jury under appropriate instructions."

Counsel also urges that the acceptance by the plaintiff of the sum recovered by Hanscom and Blanchard on a basis of $20.00 per thousand must be held under the circumstances to have been accepted in full accord and satisfaction of his claim against the defendant. While the plaintiff did testify it was in full settlement of his claim "on a basis of $20.00 per thousand," he at the same time stated he did not accept the sum in full settlement of his claim, and there is no evidence that it was tendered to him in full settlement of his entire claim, which at least raises a question of fact that should be submitted to a jury. *Bell* v. *Doyle*, 119 Maine, 383.

One other, and the main contention urged by the defendant at *nisi prius* and before this court, requires notice, viz.: That the agreement to pay the increased price for fir logs, though admitted to have been made by the defendant and acted upon by the plaintiff in good faith, was without consideration and, therefore, is not binding on the defendant, which might at first blush seem to involve a more difficult problem and one on which the courts, text-book writers and commentators are widely at variance.

The defendant relies upon the general principle that an agreement to perform what one party to an agreement is already in law bound to perform cannot form the sole consideration for a new promise by the party to be benefitted by the performance, which is universally admitted and is recognized by this court in *Wescott* v. *Mitchell* 95 Maine, 377.

But an examination of the plaintiff's declaration and an analysis of the defendant's original proposal as accepted by the plaintiff discloses that the upholding of the later agreement to increase the price for fir logs in no way violates the above rule. The plaintiff's declaration discloses that this action is to recover for certain fir logs

cut on the Stratton Mfg. Co. lot, the Potter lot, the Hammond farm and the Dudley lot.    The defendant's original proposal, as quoted above, shows that it contained no offer to buy and, therefore, no obligation to cut and deliver any fir·logs from the Stratton Manufacturing Company's land, but only the pine logs; that it contained no reference to any timber cut on the Dudley land, so called, on which two lots more than four fifths of all the fir logs involved in this action were cut.    We are further of the opinion that, as accepted by the plaintiff, it imposed on him no absolute obligation to cut logs of any kind on either the Potter or Hammond lots, and as he had notified the defendant that he could not cut at the prices named in its offer, so far as fir logs are concerned, the plaintiff, when he entered into the new arrangement for increased compensation for fir logs, was under no obligation to cut any fir logs by reason of his acceptance of the defendant's original proposal.

The cutting, delivery and acceptance of logs which the plaintiff was in no way obligated to cut under the original agreement, would, of course, be a sufficient consideration to support the defendant's promise to pay the increased price, which promise was the sole inducement for the cutting and delivery of the logs involved in this action.

It is evident that the real effect of the plaintiff's acceptance of the defendant's original proposal was not called to the attention of the presiding Justice at the trial at *nisi prius* of the case at bar, or in the previous trial of the Hanscom and Blanchard action against the defendant, nor was it suggested to this court in argument.

The case, thus viewed, does not present a situation where one party to a contract refuses to perform, and to ensure the performance the other party, who would be benefitted by the performance, promises increased compensation, for which the party performing does nothing that he was not already bound to do, and as to the validity of such a promise the authorities are so much at variance; Williston on Contracts, Vol. I., Sec. 130; *Abbott* v. *Doane,* 163 Mass., 433; *Prox. Mfg. Co.* v. *Wolf,* 217 Mass., 196; *Goebel* v. *Linn,* 47 Mich., 489; *Linz* v. *Schuck,* 106 Md., 220; *Agel & Levin* v. *Patch Mfg. Co.,* 77 Vt., 13; *Courtenay* v. *Fuller,* 65 Maine, 156; *Awe* v. *Gadd,* 179 Iowa, 524; *Shriner* v. *Craft,* 166 Ala., 146; *Weed* v. *Spears,* 193 N. Y., 289; 13 Corp. Jur., 354, 11 L. R. A., (N. S.), 789, 794;    28 L. R. A., (N. S.), 450.

On the contrary, the question here presented, either, in the final analysis, resolves itself into an offer to buy at a stipulated price on the one side, and an acceptance by delivery on the other; or at most, if there was any obligation to furnish fir logs under the original agreement, into a proposition of having furnished in consideration of a promise of increased compensation a greater benefit than the plaintiff had previously been obligated to furnish under the prior agreement, which all the authorities agree may form a sufficient consideration for a modification by the parties of any contract. Williston on Contracts, Vol. III., Sec. 1828; *Storer* v. *Taber*, 83 Maine, 388; *Copeland* v. *Hewett*, 96 Maine, 525.

As the matter now stands before this court, having in mind that the burden is, in the first instance, on the defendant to establish its defense of *res judicata* by showing identity or privity of parties, 23 Cyc., 1536, C. 3., the issue is, whether upon the evidence in this case, considered in the most favorable light for the plaintiff, a verdict in his favor would not be allowed to stand. When the case is doubtful and when different conclusions as to essential facts might be fairly drawn from the evidence by different minds the case should be submitted to a jury. *Young* v. *Chandler*, 102 Maine, 251.

If the ruling of the court below was based on a failure of consideration for the alleged supplementary agreement, it was an inadvertence through failure of counsel to properly present the facts; if upon the contention that the issue was *res judicata*, or upon accord and satisfaction, we think there was evidence upon these points which should have been submitted to the jury, and the entry must be:

*Exceptions sustained.*