Joseph M. CAPONE, et al., Plaintiffs,

v.

GLOBE AIR, INC., Union Carbide Agricultural Products, Inc., a subsidiary of Union Carbide Corporation, Scott Paper Co., and Biegert Aviation, Inc., Defendants.

Civ. No. 83–0408 P.

United States District Court, D. Maine.

Jan. 22, 1986.

Anthony M. Traini, Leppo & Traini, Boston, Mass., Barry A. Margolin, Harold L. Lichten, Thomas Tureen, Tureen & Margolin, Portland, Me., for plaintiff.

Joseph L. Cotter, Marie P. Buckley, Goodwin, Procter & Hoar, Boston, Mass., David M. Cohen, Petruccelli, Cohen, Erler & Cox, Portland, Me., for defendants Union Carbide Corp. and Union Carbide Agr.

Phillip D. Buckley, Rudman & Winchell, Bangor, Me., for defendants Globe Air and Biegert Aviation.

Debra Buccina, Thomas J. Quinn, Hewes, Beals & Douglas, Portland, Me., for Scott Paper.

## MEMORANDUM OF DECISION AND ORDER ON MOTION FOR DISMISSAL

GENE CARTER, District Judge.

This case comes before the Court on the motion of Defendant Globe Air/Biegert Aviation ("Globe") for dismissal. Plaintiff Joseph M. Capone alleges that while on a hunting expedition in western Maine, he was sprayed by insecticide during the state's 1980 spruce budworm spraying operation. Plaintiff Joseph M. Capone brought an action in this Court against the alleged manufacturer of the insecticide (Union Carbide Agricultural Products, Inc.) and its parent corporation (Union Carbide Corporation), the owner of the land where the Plaintiff allegedly was sprayed (Scott Paper Co.), and the joint venture which performed the spraying (Globe). Joseph Capone's wife, Anita M. Capone, also sues the above-named Defendants for loss or consortium.

Globe brings this motion to dismiss under the doctrine of *res judicata,* claiming that the prior voluntary dismissal with prejudice of Plaintiff's action in state court against the State of Maine bars the present action in this Court against Globe. In the prior state court action in Kennebec County Superior Court, Docket No. CV–82–271 (the "Kennebec suit"), Plaintiff had alleged that the State of Maine was responsible for the injuries he suffered from the spraying operation. Plaintiff in that case made claims under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101, *et seq.*

At the time of the spraying, Globe was under contract with the State of Maine to perform the actual spraying procedure. Under one provision of the contract, Globe was required to

> indemnify and hold harmless ... the State of Maine, their officers, agents and employees, against and from all costs, expenses, liabilities, injuries, losses, damages, judgments, orders, decrees, injunctions, suits, actions, fines, penalties, claims, causes of action and demands of every kind and nature, including reasonable counsel fees ... asserted by or on behalf of any person, entity or authority arising out of ... (b) any accident, injury or damage that occurs in connection with the work to be performed under the contract, however occurring....

Based upon its obligation to indemnify the State of Maine and its furnishing of counsel in the Kennebec suit, Globe contends that it is bound by any previous final action against the State of Maine in connection with the spraying operation. Therefore, since the Plaintiff's prior action against the State was dismissed with prejudice, Globe contends that it must bar a subsequent action by Plaintiff against Globe in this Court, because Globe was a party or privy to the prior Kennebec suit.

In determining the preclusive effect of any state court judgment under the doctrine of *res judicata,* this Court must look to state law treatment of the effect of a prior judgment. *Roy v. City of Augusta,* *Maine,* 712 F.2d 1517 (1st Cir.1983). The Court in *Roy* states:

> For the doctrine of *res judicata* to be applied in Maine, "the court must satisfy itself that 1) the same parties, or their privies are involved; 2) a valid final judgment was entered in the prior action; 3) the matters presented for decision were, or might have been, litigated in the prior action." *Kradoska v. Kipp,* 397 A.2d 562 (Me.1979).

*Id.* at 1520.

Turning to the question whether the same parties or privies were involved in the Kennebec suit as in the present action before this Court, the Maine Supreme Judicial Court has noted that in "determining who are the 'parties' who will be bound by a prior judgment, we look beyond the nominal parties of record to the real parties in interest." *Arsenault v. Carrier,* 390 A.2d 1048, 1050 (Me.1978). The Court in *Arsenault v. Carrier,* 390 A.2d at 1050, went on to quote approvingly from the decision in *Savage v. North Anson Manufacturing Co.,* 124 Me. 1, 4, 124 A. 721, 722 (1924), which states:

> Under the term "parties," the law includes all persons who, though not nominally parties, but being directly interested in the subject-matter, have a right to make a defense, or to control the proceedings, and to appeal from the judgment of the court, which right also includes the right to adduce testimony and cross-examine witnesses offered by the other side. Persons not having these rights are regarded as strangers to the cause, and, of course, are not bound.

Whether or not Globe actually controlled the earlier Kennebec suit is a question of fact, *Del Mar Avionics v. Quinton Instruments Co.,* 645 F.2d 832, 835 (9th Cir.1981). Globe has put forth evidence of a number of factors bearing upon control, *id.* at 835, such as selection of and payment of counsel and the presence of a written indemnification agreement. However, it failed to offer any evidence, as required by *Arsenault,* bearing on the issue whether it would have controlled any decision to ap-

**1568**

peal an adverse judgment in the Kennebec suit. *See also* 1B Moore's *Federal Practice*, ¶ 0.411[6].

Moreover, the Kennebec suit involved an action against the State of Maine, the Department of Environmental Protection, the Department of Agriculture, the Pesticides Control Board, the Department of Conservation, and the University of Maine, all through the provisions of the Maine Tort Claims Act. While Globe furnished defense counsel in accordance with its contractual indemnification obligations, it served in a representative rather than individual capacity in defending the State of Maine against claims lodged solely against the State and its agencies.

 The Kennebec suit involved allegations that the State and its agencies failed to properly warn of the spraying in the area and to adequately patrol the area for persons who would come in contact with the insecticide. The complaint also alleged that the State breached duties of care as to proper dosages, and that the State improperly supervised the discharge of the spray. In furnishing defense counsel for the Kennebec suit, Globe did not act in its individual capacity as potential defendant for its own possible liability for the injury to Plaintiff. Therefore, Globe is not permitted to bar a subsequent action by Plaintiff against it in its individual capacity.

The Restatement addresses this question, stating:

> (2) A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of *res judicata* in a subsequent action in which he appears in another capacity.

Restatement, Second, Judgments § 36.

The issue also is addressed in Moore's *Federal Practice*, which states:

> ... a judgment against a party suing or sued solely in a representative capacity cannot be introduced against him as either a bar or estoppel when he appears in a subsequent action by or against him in his individual capacity ... [this] protects

the representative from conflict of interest and prejudice to his individual interest when he sues or is sued purely as a representative of others.

1B Moore's *Federal Practice*, ¶ 0.411[3.-1]. *See also Roy v. City of Augusta*, 712 F.2d at 1522, ("under well established rules of *res judicata*, recognized in Maine, an action brought against an individual in one capacity does not bar a later action brought against the same individual in a different capacity." [Citations omitted].)

Because Globe has failed to satisfy the first test for invoking *res judicata*, namely that of showing it was a party to or was privy to the prior Kennebec suit, it is unnecessary for this Court to address the two remaining elements of the *res judicata* test in Maine.

For the foregoing reasons, the motion of Defendant Globe Air/Biegert Aviation for dismissal is hereby DENIED.

So ORDERED.