**STATE of Maine, Maine Human Rights Commission**

v.

**NORTHERN PRODUCTS, INC. et al.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1982.

Decided Feb. 11, 1982.

Paine & Lynch, Martha J. Harris (orally), John D. Bunker, Bangor, for intervenor Gloria Tuttle.

Mitchell & Stearns, Samuel W. Lanham, Jr. (orally), Kevin M. Cuddy, Bangor, for defendants.

Before McKUSICK, C. J., GODFREY, ROBERTS and VIOLETTE, JJ., and DU-FRESNE, A.R.J.

GODFREY, Justice.

On April 3, 1980, the Maine Civil Rights Commission began an action "for the use of" Gloria Tuttle under the Maine Human Rights Act, 5 M.R.S.A. ch. 337 (1979 & Supp.1981–82). The complaint alleged that Tuttle had applied to the defendant, Northern Products, Inc. (Northern), or its subsidiary, Northern Log Homes, for a job as a truck driver; that she was fully qualified for the position but that a man was hired; and that she subsequently applied again and was not hired. The complaint alleged that Northern refused to hire Tuttle because of her sex.

Tuttle had complained to the Human Rights Commission about Northern's failure to hire her. The Commission investigated, as required by 5 M.R.S.A. § 4612, and found reasonable grounds to believe that unlawful discrimination had occurred. After attempts to settle the complaint by conciliation failed, the Commission brought an action seeking a declaratory judgment, injunctive relief, and penal damages, as it is required to do under 5 M.R.S.A. § 4612(4)(A).[1] The Commission brought the action "for the use of Gloria Tuttle," as required by 5 M.R.S.A. § 4613.

On April 24, 1981, the Commission filed a notice of voluntary dismissal of this action under M.R.Civ.P. 41(a). The Superior Court docket also records the filing that day of a motion by Tuttle to intervene, dated April 21, 1981, and served by mail on the Attorney General and Northern on April 23, 1981. Under the Human Rights Act, Tuttle had a right to intervene in the Commission's action for her use. 5 M.R.S.A. § 4613(1).[2]

On June 12, 1981, the Superior Court heard argument on Tuttle's motion to intervene and denied the motion. The denial was based on the court's determination that a notice of voluntary dismissal under M.R. Civ.P. 41(a)(1)(i), filed by the Commission on the same day that Tuttle's motion to intervene was filed, took effect immediately upon filing, leaving no action in which Tuttle could intervene.

Tuttle appeals from the denial of her motion to intervene. The judgment of the Superior Court was erroneous and must be reversed.

■ Under M.R.Civ.P. 24(a), the trial court was required to allow Tuttle to intervene if her application was timely, because 5 M.R.S.A. § 4613(1) creates a statutory right to intervene. Field, McKusick & Wroth, *Maine Civil Practice* § 24.1 (Supp. 1981). Here the motion to intervene and the notice of dismissal were filed on the same day. The trial court erred in giving precedence to the notice of dismissal, particularly where the intervention sought was intervention as of right.

The motion to intervene was mailed to the Attorney General the day before the notice of dismissal was filed. Since service by mail is complete upon mailing, M.R. Civ.P. 5(b), the Attorney General was effectively served with the motion to intervene

---

1. 5 M.R.S.A. § 4612(4)(A) provides, in pertinent part:

 If the commission finds reasonable grounds to believe that unlawful discrimination has occurred, and further believes that irreparable injury or great inconvenience will be caused the victim of such discrimination . . . if relief is not immediately granted; or if conciliation efforts under subsection 3 have not succeeded, the commission shall file in

the Superior Court a civil action seeking such relief as is appropriate . . . .

2. 5 M.R.S.A. § 4613(1) provides, in pertinent part:

 Any such action shall be brought in the name of the commission for the use of the victim of the alleged discrimination . . . . Any person aggrieved by the alleged discrimination may intervene in such an action. . . .

before his notice of dismissal was filed. Whether he was aware of the motion when he filed his notice of dismissal is immaterial. With Tuttle's motion to intervene pending, the mere filing of a notice of dismissal by the Commission under M.R.Civ.P. 41(a) could not cut off her statutory right to intervene.

 Intervention is a procedure by which a third person is able to make himself a party to an ongoing legal action. *Rocca v. Thompson,* 223 U.S. 317, 331, 32 S.Ct. 207, 210, 56 L.Ed. 453 (1912); *Rafferty v. Sancta Maria Hospital,* 5 Mass.App. 624, 367 N.E. 2d 856, 859 (1977). Where, as here, the would-be intervenor on the plaintiff's side has an interest in the litigation that is not adverse to that of the existing plaintiff, the intervenor joins the action as a plaintiff. *In re Raabe, Glissman & Co.,* 71 F.Supp. 678, 680 (S.D.N.Y.1947); *Hallett v. Moore,* 282 Mass. 380, 389, 185 N.E. 474, 478 (1933). Tuttle has a statutory right to intervene. By filing a motion to intervene, she becomes a party plaintiff upon the court's pro forma granting of the motion. The present case is to be treated as if it were one in which a notice of voluntary dismissal under M.R.Civ.P. 41(a)(1)(i) is inappropriate because it attempts to dismiss the action "as to fewer than all of the plaintiffs."[3] Only a dismissal by order of court, M.R.Civ.P. 41(a)(2), can be effective in such circumstances.[4]

We must therefore conclude that the denial of the motion to intervene was reversible error.

The entry is:

Judgment reversed.

Remanded to the Superior Court with instructions to enter an order granting the motion of Gloria Tuttle to intervene and for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** M.R.Civ.P. 41(a) provides, in pertinent part, as follows:

> (1) *By Plaintiff; by Stipulation.* Subject to the provisions of Rule 23(c) and of any statute, an action may be dismissed by the plaintiff without order of court (i) by filing a *notice of dismissal at any time before commencement of trial* of the action, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action . . . . A dismissal under this paragraph may be as to one or more, but fewer than all claims, but not as to fewer than all of the plaintiffs or defendants. . . .

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . .

**4.** Even a dismissal by agreement of all parties except the intervenor will have no effect on the intervenor's petition, which remains for hearing and decision. *See United States Steel Corp. v. Environmental Protection Agency,* 614 F.2d 843, 848 (3d Cir. 1979); *Pearson v. Mulloney,* 289 Mass. 508, 511, 194 N.E. 458, 460 (1935).