**MAINE HUMAN RIGHTS COMMIS-SION, on its own Behalf and for the Use of Aurora Kellman**

v.

**MAINE DEPARTMENT OF CORRECTIONS.**

Supreme Judicial Court of Maine.

Argued March 11, 1985.

Decided March 27, 1985.

John E. Carnes (orally), Me. Human Rights Com'n, Augusta, Wheeler, Arey & Kelleher, P.A., William J. Kelleher, Waterville, for plaintiff.

Christopher Nyhan (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN and GLASSMAN, JJ.

NICHOLS, Justice.

In this case, brought before our Court for a second time, the Plaintiff, the Maine Human Rights Commission, on behalf of Aurora Kellman, appeals from the decision of the Superior Court (Kennebec County) entering judgment for the Defendant, the Maine Department of Corrections, upon that court's finding that the Plaintiff failed to sustain its ultimate burden of persuasion on the question of whether the Defendant, in hiring persons for the position of Juvenile Court Intake Worker, unlawfully discriminated against Ms. Kellman because of her age and sex, 5 M.R.S.A. § 4572(1)(A) (1979).

The Commission argues that: (1) on remand from this Court's decision in the first appeal, *Maine Human Rights Comm'n v. Department of Corrections*, 474 A.2d 860 (Me.1984), wherein we found that the Superior Court had relied erroneously on certain facts in concluding that the Defendant's alleged nondiscriminatory purpose was a pretext, the Superior Court failed to consider whether other facts demonstrated a pretext; and (2) the Superior Court's findings were not supported by credible evidence.

We disagree and affirm the judgment.

On August 11, 1978, Ms. Kellman filed a complaint of discrimination with the Plaintiff Commission pursuant to 5 M.R.S.A. § 4611 (1979), claiming that the Defendant Department had discriminated against her in hiring persons for intake worker positions because of her age and sex. On June 12, 1980, the Plaintiff commenced this action against the Defendant in Superior Court. The facts disclosed in a hearing before the Superior Court were set forth in detail in our opinion in the earlier appeal.

In the Superior Court's earlier judgment, the court applied the three-step analysis approved in *Maine Human Rights Commission v. City of Auburn*, 408 A.2d 1253 (Me.1979). That Court found that even though the Plaintiff Commission had failed to present sufficient evidence to make a prima facie case of "disparate impact" it had shown that Ms. Kellman suffered "disparate treatment" from the Defendant Department's facially neutral hiring practices. In the second evaluative step of the disparate treatment analysis, the Department rebutted sufficiently the Plaintiff's case by producing evidence of lawful reasons for its hiring practices—evidence indicating that the personality of an applicant, subjectively evaluated by the Department, was a legitimate qualification for the position of intake worker. However, the court analyzed the third step in the disparate treatment analysis and found that the Plaintiff had met its ultimate burden of proof in establishing that the Defendant's nondiscriminatory reasons for not hiring Ms. Kellman were actually pretexts for discrimination. The Superior Court ordered that Ms. Kellman be instated as an intake worker and provided back pay. The Department appealed that judgment to this Court.

In that earlier appeal, we agreed with the Superior Court's conclusions that the Commission had failed to establish a prima facie case of disparate impact, but had made a prima facie showing of disparate treatment. We further agreed that the Department had sufficiently rebutted the Commission's case by articulating a nondiscriminatory purpose. 474 A.2d at 866–867. With regard to the court's finding of a pretext, we determined that the court had erred in relying on evidence that District Supervisor James Farr, who interviewed Ms. Kellman, did not check Ms. Kellman's references in reaching a conclusion concerning the suitability of her personality. *Id.* at 868. As a result, we vacated the judgment and "remanded for the justice's reexamination of the evidence, in light of the opinion, to determine whether, on the basis of the remaining factual findings, the

ultimate conclusion of law is sustainable." *Id.*

On remand, without further hearing, the Superior Court, in a judgment dated August 16, 1984, concluded that its remaining factual findings did not support finding a pretext. It entered judgment for the Department, holding that the Commission had not sustained its ultimate burden of persuasion. Thereupon the Commission entered the appeal which is now before us.

 The Commission first argues that the Superior Court failed to abide by our order in the earlier appeal to reexamine the remaining factual findings. The significance that the Commission would attach to the difference in form between the Superior Court's first and second judgments is unpersuasive. As we have stated in the past, that court's determination of the issue of pretext is to be based on the "entirety of the evidence." *Maine Human Rights Commission,* 474 A.2d at 868; *City of Auburn,* 408 A.2d at 1268. The fact that in its reexamination the Superior Court did not choose to reiterate all of its factual findings does not create any presumption that the court failed to review all of them.

As an appellate court our role is not to second-guess the mental processes that transpired, but rather to apply the clearly erroneous standard to the Superior Court's findings. *See* M.R.Civ.P. 52(a); 474 A.2d at 868. Accordingly, we will not disturb a finding if the record discloses competent evidence in its support.

The Superior Court found on remand that, apart from Mr. Farr's failure to contact her former employer, his testimony concerning Ms. Kellman's personality was credible. We see no clear error. The Superior Court was entitled to weigh that testimony heavily against the Commission's statistics and qualifications in concluding that the Commission had not met its burden of proving pretext.

Viewing the evidence in its entirety, there was adequate support for the court's conclusion.

The entry is:

Judgment affirmed.

All concurring.