**Aurora KELLMAN, Plaintiff,**

v.

**DEPARTMENT OF MENTAL HEALTH AND CORRECTIONS OF the STATE OF MAINE, Defendant.**

**Civ. No. 80–0355 P.**

United States District Court,
D. Maine.

June 12, 1985.

---

Peter H. Jacobs, Ralph I. Lancaster, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for plaintiff.

Steven Beliveau, Christopher D. Nyhan, Preti, Flaherty & Beliveau, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

Plaintiff Aurora Kellman filed this action on October 27, 1980, alleging that Defendant, the Department of Mental Health and Corrections of the State of Maine, discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, by refusing to hire her as a juvenile court intake worker. Presently before the Court is Defendant's motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss the action as barred by the principles of *res judicata* and collateral estoppel. The issues have been briefed by counsel. For the reasons set forth below, Defendant's Motion to Dismiss is granted.

In late spring 1978, Plaintiff applied to the Defendant for a position as a juvenile court intake worker. Plaintiff was rejected for this position and on August 11, 1978, Plaintiff filed a complaint with the Maine Human Rights Commission (the Commission) pursuant to 5 M.R.S.A. § 4611 (1979), alleging that she had not been hired for the position because of her age and sex. The Commission concluded that there were reasonable grounds to believe that Plaintiff was the victim of age and sex discrimination and attempted conciliation pursuant to 5 M.R.S.A. § 4612(3) (1979). When conciliation efforts failed the Commission filed an action in Superior Court, on June 12, 1980, "for the use of" Aurora Kellman, pursuant to 5 M.R.S.A. § 4612(4)(A) (1979).[1] After a

---

1. On October 23, 1980, Plaintiff filed this Title VII claim in federal court. A preliminary pretrial conference for the federal claim was held on June 26, 1981. In the report of that conference, the Magistrate noted that a parallel action was pending in state court with a trial expected in the summer of 1981. The Magistrate requested that the parties advise the Court regarding that action. No further submissions were re-

full trial in which Plaintiff as well as an expert witness testified, the Superior Court found in favor of the Commission on a disparate treatment theory and ordered in-statement of Aurora Kellman, an award of back pay, penal damages, and alteration of Defendant's employee selection process.

On appeal the Maine Supreme Judicial Court vacated the judgment and remanded the case on the ground that the Court erred in its finding that the employer was obligated to do a reference check on an applicant whose personality it found to be "inappropriate." *Maine Human Rights Commission v. Dept. of Corrections*, 474 A.2d 860 (Me.1984). On remand the Superior Court found that the Commission's case was insufficient to prove that the Defendant's reasons for not hiring the Plaintiff were pretextual. This finding was affirmed on appeal. *Maine Human Rights Commission v. Maine Dept. of Corrections*, 489 A.2d 1089 (1985).

On May 6, 1985, Defendant moved to dismiss this federal action as barred by principles of *res judicata* and collateral estoppel. Plaintiff objects to this motion, claiming that although the Supreme Court's holding in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), would foreclose Plaintiff's Title VII action in federal court if Plaintiff had been a party to the state court action, Plaintiff was not a party to that state action. Defendant argues that Plaintiff was a party or a real party in interest in the state action and is barred by its judgment from pursuing a federal action based on the same grievance.

■ Both parties agree that under the holding of *Kremer* a state court judgment regarding a claim under the Maine employment discrimination law would foreclose a Title VII suit in federal court based on the same grievance, when the law of Maine would give such preclusive effect to the first judgment. In *Kremer*, the Supreme Court noted that under 28 U.S.C. § 1738 the federal courts are bound to afford the same full faith and credit to state court judgments that the state itself would apply. The Court determined that Title VII does not supersede or interfere with this principle of comity and therefore held that where the plaintiff had appealed the decision of the New York State Division of Human Rights not to prosecute his complaint under the New York employment discrimination law, and had obtained a final state judgment in that matter which would be given *res judicata* effect by the New York courts, the plaintiff was barred by *res judicata* from pursuing a Title VII claim based on the same grievance in federal court. Therefore, under *Kremer*, this Court must look to the *res judicata* principles of Maine to determine the effect of the state judgment in the case brought by the Maine Human Rights Commission on the present Title VII suit. *Kremer*, 456 U.S. at 482, 102 S.Ct. at 1898.

■ In *Arsenault v. Carrier*, the Maine Supreme Judicial Court stated that:

> In its classic formulation, the doctrine of res judicata provides that a final judgment rendered by a court of competent jurisdiction precludes another suit between the same parties or their privies on the same cause of action.
>
> Res judicata prevents only the same *parties* or their *privies* from maintaining an identical cause of action.

390 A.2d 1048, 1050 (Me.1978) (emphasis in original) (footnote and citation omitted). The disputed issue then is whether Aurora Kellman was a party to the state suit brought by the Maine Human Rights Commission under 5 M.R.S.A. § 4612.[2] Under

---

ceived by the Court until the present Motion to Dismiss was filed on May 6, 1985.

**2.** 5 M.R.S.A. § 4612(4)(A) (1979) provides:

If the Commission finds reasonable grounds to believe that unlawful discrimination has occurred, and further believes that irreparable injury or great inconvenience will be

caused the victim of such discrimination or to members of a racial, color, sex, physical or mental handicap, religious, nationality group or age group if relief is not immediately granted; or if conciliation efforts under subsection 3 have not succeeded, the Commission shall file in the Superior Court a civil action

5 M.R.S.A. § 4613(1) (1979), "Any such action shall be brought in the name of the commission for the use of the victim of the alleged discrimination or of a described class, and the commission shall furnish counsel for the prosecution thereof. Any person aggrieved by the alleged discrimination may intervene in such an action." Under the procedure outlined in section 4613 Kellman was not a party plaintiff to the action brought by the Maine Commission on Human Rights. *See, State v. Northern Products, Inc.*, 440 A.2d 1070, 1072 (Me. 1982). The Defendant points to the language of 5 M.R.S.A. § 4612(5) (1984 Supp.) as an indication that the victim of the discrimination, the complainant, is, in the contemplation of the Maine Legislature, a party plaintiff. This section provides in part, "The Legislature finds that persons who are not parties *to a complaint under this chapter* as a complainant or a person accused of discrimination have a right to privacy." 5 M.R.S.A. § 4612(5) (emphasis added). Section 4612(5) states that the complainant is a party to the complaint made to the Commission, not a party to the lawsuit.[3] It provides no support for Defendant's argument that the complainant, Aurora Kellman, was a party plaintiff in the state lawsuit brought by the Commission under section 4612(4)(A).

Although Aurora Kellman is not a named party plaintiff, *Arsenault*, 390 A.2d at 1050, provides that:

In determining who are the "parties" who will be bound by a prior judgment, we look beyond the nominal parties of record to the real parties in interest. As the Court stated in *Savage v. North Anson Manufacturing Co.*, 124 Me. 1, 4, 124 A. 721, 722 (1924):

Under the term, "parties," the law includes all persons who, though not nominally parties, but being directly interested in the subject-matter, have a right to make a defense, or to control the proceedings, and to appeal from the judgment of the court, which right also includes the right to adduce testimony and cross-examine witnesses offered by the other side. Persons not having these rights are regarded as strangers to the cause, and, of course, are not bound.

*Accord, Burns v. Baldwin-Doherty Co.*, 132 Me. 331, 170 A. 511 (1934).

Under the provisions of section 4612 the victim of the discrimination is the instigating force behind the lawsuit. The lawsuit is based on unlawful discrimination against the victim under 5 M.R.S.A. § 4572 (1979). The recovery obtainable accrues mainly to the victim. 5 M.R.S.A. § 4613(2)(B) (1984 Supp.). And, under the right to intervene granted in section 4613(1) and Fed.R.Civ.P. 24(a), the victim may enter the litigation and make a defense, control the proceedings, appeal from the judgment, adduce testimony, and cross-examine witnesses.[4] *See State v. Northern Products*, 440 A.2d 1070 (Me.1982) (stating that a court is *required* to grant a motion to intervene made pursuant to section 4613 and M.R.Civ.P. 24(a)). "Even a dismissal by agreement of all parties except the intervenor will have no effect on the intervenor's petition, which remains for hearing and decision." *Northern Products*, 440 A.2d at 1072, n. 4.

The only right of control of the lawsuit which the victim may be lacking is the unqualified right to halt the litigation. Although the litigation is instigated by the victim's action in bringing a complaint to the Commission, the Commission may choose to file a civil suit because "great inconvenience will be caused ... to mem-

___

seeking such relief as is appropriate, including temporary restraining orders.

**3.** *See* 5 M.R.S.A. § 4611 (1979).

**4.** Although Plaintiff's right to control the litigation is not exclusive, such exclusive control is not provided by Maine law even in the case of a private civil action filed by the victim of the discrimination pursuant to 5 M.R.S.A. § 4621 (1984 Supp.) Under 5 M.R.S.A. § 4623 (1979), "If it appears during the pendence of such private action that the commission has commenced an action against the same defendant, based on the same facts, the court shall, except for good cause shown, order consolidation of the cases, on such terms as justice may require."

bers of a racial, color, sex, physical or mental handicap, religious, nationality group or age group if relief is not immediately granted." Section 4612(4)(A). However, whether the litigation expands in this manner and is brought "in the name of the commission for the use of . . . a described class," or is brought simply for the use of the victim, section 4613(1), the statute does not in any way forbid the victim of the discrimination from settling his or her claims and thereby ending the complainant's concern with the litigation.

Under the facts of this case, where the Plaintiff instigated the state court action by filing a complaint with the Commission, where the state action was premised on unlawful discrimination against Plaintiff under 5 M.R.S.A. § 4572 and was brought in her behalf under 5 M.R.S.A. § 4613, where the recovery sought and initially obtained accrued to the benefit of the Plaintiff, and where the Plaintiff had a statutory right to intervene in the action and to thereby control its progress, the Plaintiff Aurora Kellman was a real party in interest in the state adjudication and is, therefore, barred by Maine law principles of *res judicata* from pursuing this federal claim.

Accordingly, it is hereby *ORDERED* that Plaintiff's Complaint be, and it is hereby, *DISMISSED.*