**STATE OF MAINE, Plaintiff,**

v.

**FIRST JERSEY SECURITIES, INC., and Anthony J. Cipolla, and Martin W. Courage, and William T. Johnson, Jr., and Kevin H. Kading, and Gerard B. Kostuk, and Charles Marwell III, and Jeanmarc E. Monnin, Defendants.**

Civ. No. 87–0070–P.

United States District Court,
D. Maine.

March 19, 1987.

Peter J. Brann, Asst. Atty. Gen., Augusta, Me., for plaintiff.

Peter L. Murray, Murray, Plumb & Murray, Portland, Me., for defendant Cipolla.

## ORDER REMANDING CASE AS IMPROVIDENTLY REMOVED

GENE CARTER, District Judge.

On the basis of a detailed review of the Plaintiff's Motion to Dismiss or Remand, filed on March 18, 1985, the written submissions in support thereof, and the exhibits thereto, the Court FINDS that:

(1) The State of Maine, a sovereign political entity, is the only party plaintiff herein;

(2) The State of Maine is a real party-in-interest, having an interest in the litigation separate and distinct from the interests of the individual class members for whose benefit the action is in part brought by the State of Maine;[1] and

(3) Plaintiff has made herein a showing of good cause for this Court's expedited action and summary remand of this matter.

On the facts as found above, it is clear that the State of Maine is not a mere nominal party as Plaintiff herein because it seeks vindication in the proceeding of significant "quasi-sovereign" interests of its own. *Alfred L. Snapp & Son, Inc. v. Puerto Rico,* 458 U.S. 592, 600–01, 102 S.Ct. 3260, 3265, 73 L.Ed.2d 995 (1982). The State of Maine is not a citizen for purposes of diversity of citizenship under 28 U.S.C. § 1332(a). *See Postal Telegraph Cable Co. v. Alabama,* 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894); *see Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973) (*dicta*). Accordingly, the case may not be removed on grounds of diversity of citizenship. *New York ex rel. Abrams,* 547 F.Supp. at 707 (S.D.N.Y.1982). The Court concludes that this matter has been improvidently removed and hereby *REMANDS* the case forthwith to the Superior Court in and for the County of Kennebec and State of Maine.

---

1. The focus is on obtaining wide-ranging injunctive relief designed to vindicate the States quasi-sovereign interest in securing an honest marketplace for all consumers. That recovery on behalf of an identifiable group is also sought should not require this Court to ignore the primary purpose of the action and to characterize it as one brought solely for the benefit of a few private parties.
*State of New York ex rel. Abrams v. General Motors Corp.,* 547 F.Supp. 703, at 707 (S.D.N.Y. 1982).

The Plaintiff's Motion for Sanctions for the improvident removal is hereby DENIED without prejudice to any right of action the Plaintiff may have against any party for loss or damage arising out of the aforesaid improvident removal of this case, including an action for costs associated with the removal here and in the Superior Court on the removal bond of the Defendant Anthony J. Cipolla.

So ORDERED.