STATE OF MAINE, and the Maine Human Rights Commission, [for the Use of Hoa Van Nguyen], Plaintiffs,

v.

DATA GENERAL CORPORATION, Defendant.

Civ. No. 88–0216–P.

United States District Court, D. Maine.

Oct. 18, 1988.

Paul Stern, Asst. Atty Gen., Augusta, Me., for plaintiffs.

John H. Montgomery, Deborah Mann, Jensen, Baird, Gardner & Henry, Portland, Me., Robert P. Joy, Laurence J. Donoghue, Morgan, Brown & Joy, Boston, Mass., for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

GENE CARTER, District Judge.

The State of Maine and the Maine Human Rights Commission filed this action in the Cumberland County Superior Court of the State of Maine to enforce an alleged violation of the Maine Human Rights Act. The defendant, Data General Corporation, filed a petition removing the case to federal court. Before the court is the plaintiffs'

motion to remand the action to state court. For the reasons set forth below, the motion to remand is granted.

This action results from an allegedly discriminatory dismissal of an employee by Data General. Hoa Van Nguyen, who is of Vietnamese national origin, was employed by Data General from 1977 until July 11, 1986, when he was notified that he was laid off. Mr. Nguyen filed a timely complaint with the Maine Human Rights Commission alleging unlawful employment discrimination on the basis of race. The Commission found reasonable grounds to believe race discrimination had occurred. When conciliation efforts failed, the State of Maine and the Maine Human Rights Commission, "for the use of" Mr. Nguyen, filed a complaint in Superior Court against Data General, pursuant to 5 M.R.S.A. § 4613(1). On July 18, 1988, Data General petitioned for removal to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

The defendant Data General argues that diversity jurisdiction exists because Data General is a corporate citizen of Delaware and Massachusetts, while Mr. Nguyen is a citizen of Maine. The defendant claims Mr. Nguyen, not the State of Maine and the Maine Human Rights Commission, is the real party in interest, and that therefore his citizenship governs for purposes of determining diversity jurisdiction. The plaintiffs argue that the State of Maine and an alter ego of the state, the Maine Human Rights Commission, are parties in this action for diversity purposes. The plaintiffs therefore claim that this case does not fall within this court's diversity jurisdiction and that removal was improvident. See 28 U.S.C. § 1447(c).

■■■■ A state is not a citizen for purposes of federal diversity jurisdiction. *Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973), *reh'g denied,* 412 U.S. 963, 93 S.Ct. 2999, 37 L.Ed.2d 1012 (1973); *Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482, 487, 15 S.Ct. 192, 194, 39 L.Ed. 231 (1894); *Maine v. First Jersey Securities, Inc.,* 655 F.Supp. 1370 (D.Me.1987). Similarly, an agency that is an arm or alter ego of a state is not a citizen for diversity purposes. *See Moor v. County of Alameda, supra* 411 U.S. at 717, 93 S.Ct. at 1799; *Pennsylvania Human Relations Comm'n v. USAir, Inc.,* 615 F.Supp. 75, 76 (W.D.Pa. 1985); *Eure v. NVF Co.,* 481 F.Supp. 639 (E.D.N.C.1979). On the other hand, if the state and its alter ego are merely nominal or formal parties, diversity jurisdiction is determined by the citizenship of the real party in interest. *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980); *Ramada Inns, Inc. v. Rosemount Memorial Park Ass'n,* 598 F.2d 1303, 1306 (3d Cir.1979); *New York v. General Motors Corp.,* 547 F.Supp. 703, 704 (S.D.N.Y.1982).

The Maine Human Rights Commission is financially dependent on the state and does not have separate corporate status or general proprietary powers; these characteristics indicate that it is an alter ego of the state. *See George R. Whitten, Jr., Inc. v. State Univer. Constr. Fund,* 493 F.2d 177, 179–80 (1st Cir.1974); *Moor v. County of Alameda, supra* 411 U.S. at 719–20, 93 S.Ct. at 1800–01 (financial independence, corporate powers, and proprietary powers indicate county is not arm of state). The Maine Human Rights Commission does have the capacity to sue, a factor sometimes mentioned as tending to show that an agency is not an alter ego of the state. *See George R. Whitten, Jr., Inc., supra,* at 179. Nevertheless, an agency with only a limited power to sue may still be an arm of the state. *See Pennsylvania Human Relations Agency v. USAir, Inc.,* 615 F.Supp. 75 (W.D.Pa.1985). Here, the capacity to sue is limited to seeking relief for violations of the Maine Human Rights Act. A comparable Pennsylvania agency, which was financially dependent on the state and unable to sue except to enforce its own orders, was determined to be an alter ego of the state. *Id.* Therefore, the court concludes that the Commission is an alter ego of the State of Maine. As an alter ego of the state, it is not a citizen for diversity purposes, unless it is merely a nominal party.

The issue in this case, then, is whether the real party in interest is the State of Maine and the Commission, or whether it is the alleged victim of discrimination. A state is not a nominal party if it has quasi-sovereign interests beyond the interests of a few particular private parties. *See Maine v. First Jersey Securities, Inc.,* 655 F.Supp. 1370 (D.Me.1978). A state's interest may also be nominal if it has no interest other than the general welfare of its citizens and compliance with its laws. *Ramada Inns, Inc. v. Rosemount Memorial Park Ass'n,* 598 F.2d 1303, 1307 (3d Cir. 1979); *Pennsylvania Human Relations Comm'n v. USAir, Inc., supra,* at 78.

This action clearly seeks to benefit an individual, Mr. Nguyen. The plaintiffs request that Mr. Nguyen be compensated and reinstated. But even when an action seeks to benefit a particular individual, a quasi-sovereign interest also may be present. *Maine v. First Jersey Securities, Inc., supra,* at 1370 n. 1. Here, the plaintiffs request declaratory and injunctive relief designed to secure broad protection against discrimination for other workers. A state's interest in maintaining an honest marketplace is a quasi-sovereign interest, even where the state's action will also benefit individuals. *Id.; New York v. General Motors Corp.,* 547 F.Supp. 703, 705 (S.D.N.Y.1982). *See also Kelley v. Carr,* 442 F.Supp. 346, 356–57 (W.D.Mich.1977). This reasoning suggests that the state's interest in a marketplace free of unlawful discrimination is similarly a quasi-sovereign interest, even if the state's action directly benefits individual victims of discrimination.

The Pennsylvania Human Relations Commission's interest in eliminating discrimination has been held to be a specific and direct state interest, based on Pennsylvania law. *Pennsylvania Human Relations Comm'n v. USAir, Inc., supra,* at 78. The defendant argues that the state law governing the Maine Commission differs from Pennsylvania law. Maine law provides that an action shall be brought "for the use of" a victim of discrimination. 5 M.R.S.A. § 4613(1). Under Pennsylvania law, in contrast, the Commission can file complaints "on behalf of the commonwealth." *See Murphy v. Pennsylvania Human Relations Comm'n,* 506 Pa. 549, 486 A.2d 388, 393 (1985), *appeal dismissed,* 471 U.S. 1132, 105 S.Ct. 2669, 86 L.Ed.2d 689 (1985).

The language in the Maine statute, however, does not indicate that the victim of discrimination is the only one with an interest in the Commission's enforcement actions. The statute gives control over such actions to both the Commission and to the victim of discrimination. The Commission determines when conciliation has failed and when to file an action. 5 M.R.S.A. § 4612. A person aggrieved by discrimination may intervene, 5 M.R.S.A. § 4613(1), but the Commission may continue the action after the individual complainant has withdrawn from the litigation. *See Kellman v. Dep't of Mental Health & Corrections,* 610 F.Supp. 1031, 1034–35 (D.C.Me.1985). The statute supports the view that the State of Maine and the Maine Human Rights Commission have a quasi-sovereign interest separate from the interest of an individual victim of discrimination in suits brought under 5 M.R.S.A. §§ 4612(4) and 4613(1).[1]

The defendant argues that *Kellman v. Dep't of Mental Health & Corrections,* 610 F.Supp. 1031 (D.Me.1985) controls this case. In *Kellman,* this court held that a job applicant was barred by res judicata from bringing a discrimination action in federal court because she had been a real party in interest to a state suit brought for her use by the Maine Human Rights Commission. *Id.* at 1035. Since the issue in *Kellman* was res judicata, not diversity

---

1. Even if the State of Maine and the Commission have no quasi-sovereign interest in this action, and are instead simply representatives bringing suit on behalf of the individual victim of discrimination, diversity jurisdiction may be lacking. Generally, the status of the representative, not the party on whose behalf the suit is brought, governs diversity jurisdiction. *See Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 1781–82, 64 L.Ed.2d 425 (1980). The representative is usually a nominal party, and thus disregarded for diversity purposes, only when it has no power to control the litigation or to sue in its own name. 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* section 3606 at 416–18 (2d ed. 1984).

jurisdiction, the court did not address the question of the Commission's interest in the action. *Kellman* gives no support for the argument that the State of Maine and the Commission have only nominal interest in actions brought under 5 M.R.S.A. §§ 4612(4) and 4613(1). Instead, *Kellman* is consistent with the conclusion that the state and the Commission, as well as the individual victim of discrimination, are real parties in interest.

 The plaintiffs have requested that the court award them costs for improvident removal. An award of costs pursuant to 28 U.S.C. § 1447(c) is discretionary with the court, and is usually not appropriate when the question of removal was not obvious or when the defendant has acted in good faith. *Johansen v. Employee Benefit Claims, Inc.,* 668 F.Supp. 1294, 1297 (D.Minn.1987); *Providers of Northeast Pa. Inc. v. Maxicare Health Plans, Inc.,* 677 F.Supp. 302, 305 (M.D.Pa.1987). The court concludes that in this case, it was not obvious that removal was improper, and therefore an award of costs is not appropriate.

Accordingly, the court hereby ORDERS that the plaintiff's motion to remand be, and it is hereby, GRANTED. The plaintiff's request for an award of costs is hereby DENIED.