**NET 2 PRESS, INC., Plaintiff**

v.

**NATIONAL GRAPHIC SUPPLY CORPORATION, Defendant**

**No. CIV.03–302–P–H.**

United States District Court,
D. Maine.

March 25, 2004.

Eric M. Mehnert, Colonial Offset Printing, Portland, ME, for Net 2 Press, Inc., Plaintiff.

Daniel J. Mitchell, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for National Graphic Supply Corporation, Defendant.

## ORDER ON PLAINTIFF'S MOTION TO REMAND

HORNBY, District Judge.

The issue here is whether estoppel or waiver prevents the plaintiff from challenging the defendant's untimely removal of this lawsuit to federal court. I conclude there was neither estoppel nor waiver, and GRANT the motion to remand. I also award attorney fees in the amount of $382.50.

### I. PROCEDURAL BACKGROUND

On May 8, 2003, Net 2 Press, Inc. ("Net 2") filed a lawsuit against National Graphic Supply Corporation ("National Graphic") in Maine Superior Court. *See* Complaint and Demand for Jury Trial (May 7, 2003) (Docket Item # 1, Ex. 1). On May 30, 2003, it served National Graphic. Bluver Aff. ¶ 3 (Docket Item # 9). National Graphic filed a motion to dismiss for lack of personal jurisdiction. The state court granted the motion on October 2, 2003. *See Net 2 Press, Inc. v. Nat'l Graphic Supply Corp.*, CV–03–246 (Me.Super.Ct., Cum.Cty., Oct. 2.2003) (Humphrey, J.) (Docket Item # 1, Ex. 4). Net 2 moved for reconsideration and appealed to the Maine Law Court. Mitchell Aff. ¶ 2 (Docket Item # 10); Notice of Appeal (Oct. 22, 2003) (Docket Item # 1, Ex. 6). On November 21, 2003, the Superior Court granted Net 2's motion for reconsideration, denied National Graphic's motion to dismiss and reinstated the complaint. *See Net 2 Press, Inc. v. Nat'l Graphic Supply Corp.*, CV–03–246 (Me.Super.Ct., Cum.Cty., Nov. 21, 2003) (Humphrey, J.) (Docket Item # 1, Ex. 5).

On May 20, 2003, National Graphic had filed a separate lawsuit in New York state court. According to the parties, Net 2 removed the New York state court lawsuit to the United States District Court for the Northern District of New York.[1] National Graphic moved to remand the New York lawsuit to state court. On August, 11, 2003, United States District Court Judge McAvoy of the Northern District of New York ruled from the bench that removal was proper on the basis of diversity jurisdiction and denied the motion to remand. *Nat'l Graphic Supply Corp. v. Coneco Laser Graphics, Inc., et al.*, No. 03–CV–775, Decision and Tr. of Proceedings at 7 (Aug. 11, 2003). Judge McAvoy also determined that the Maine and New York lawsuits concerned the same nucleus of operative facts and stayed the New York proceedings until the Maine court determined whether it had jurisdiction. *Id.* at 7–9.

On December 4, 2003, National Graphic's lawyer wrote a letter to Net 2's lawyer concerning the Maine lawsuit. *See* Letter from Mitchell to Mehnert of 12/4/03 (Docket Item # 8). The letter stated in part:

> As I mentioned, my client intends to seek removal of this case to the Federal Court. It would be helpful to me if you would let me know whether your client would oppose removal; however, given that your client already has removed this matter once to Federal Court in

---

1. It is unclear what was the precise relationship of Net 2 to the New York lawsuit. The CM/ECF docket of the Northern District of New York lists two defendants, Coneco Laser Graphics, Inc. 'doing business as' Net 2 Press, Inc., and Colonial Offset Printing, Inc. ("Colonial"). According to the CM/ECF docket, it was Colonial that removed the New York lawsuit to federal court, yet according to the briefs filed regarding removal to this Court and the Northern District of New York ruling, it was Net 2 that sought removal. *See* Pl.'s Mot. for Remand, at 2 (Docket Item # 4); Def.'s Opp'n to Mot. for Remand, at 3 (Docket Item # 8); *Nat'l Graphic Supply Corp. v. Coneco Laser Graphics, Inc., et al.*, No. 03–CV–775, Decision and Tr. of Proceedings at 4 (Aug. 11, 2003) (Docket Item # 4, Mehnert Decl., Ex. 2). These ambiguities in no way affect the substance of this Order.

New York state, I am assuming there are not any issue that would prevent removal.

Thanks for your time. I look forward to speaking with you.

*Id.* Net 2 did not respond to this correspondence. Mitchell Aff. ¶ 4. On December 17, 2003, National Graphic's lawyer telephoned Net 2's lawyer. *Id.* In this conversation, both parties agreed to dismiss the Net 2 appeal to the Maine Law Court. *Id. See also* Stipulation of Dismissal (Docket Item # 1, Ex. 7). Net 2's lawyer stated that he would *not* consent to removal of the Maine lawsuit to federal court because he did not want the burden of litigating two matters (this case and an unrelated matter) in federal court. Mitchell Aff. ¶ 5. Net 2's lawyer did not mention that there existed any issue as to the timeliness of removal in this conversation. *Id.*

National Graphic filed its Notice of Removal on December 31, 2003. *See* Notice of Removal (Docket Item # 1). Net 2 has moved to remand, and to recover attorney fees for an improper removal.

## II. ANALYSIS

### (A) The Motion to Remand

Title 28 U.S.C § 1446(b) states:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

■ Thus, National Graphic had thirty days from the time it was served with Net 2's complaint on May 30, 2003, to remove the Maine lawsuit to federal court. It failed to do so. In fact, at no point does National Graphic actually contend that removal was timely. *See* Def.'s Opp'n to Mot. for Remand. National Graphic did not file its notice of removal until December 31, 2003, seven months after being served with the initial complaint and four months after removal was deemed proper in the Northern District of New York. Clearly, National Graphic's Notice of Removal was untimely.

Instead, National Graphic argues that estoppel and waiver should allow the late removal. National Graphic gives three reasons why the motion to remand should be denied: (1) Net 2 cannot challenge removal because it sought removal in the parallel dispute in the Northern District of New York, (2) Net 2 never responded to National Graphic's December 4, 2003 letter announcing its intention to seek removal, and (3) once Net 2 did tell National Graphic that it would oppose removal, it did not specify that there was an issue of timeliness.

### (1) Estoppel

■ Several courts have held that a federal court may hear a late-removed case when the plaintiff waives the right to have the action remanded to state court or is estopped from challenging removal. *See, e.g., Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983); *In re The Exhumation of Meriwether Lewis,* 999 F.Supp. 1066, 1072 (M.D.Tenn.1998) (citing *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 703–04, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); *Somlyo v. J. Lu–Rob Enters.,* 932 F.2d 1043, 1046 (2d Cir.1991)); *Liebig v. DeJoy,* 814 F.Supp. 1074, 1076 (M.D.Fla. 1993); *Glover v. W.R. Grace & Co., Inc.,* 773 F.Supp. 964, 965 (E.D.Tex.1991); *Gorman v. Abbott Labs.,* 629 F.Supp. 1196,

1199 (D.R.I.1986) (citations omitted). But in this case there can be no estoppel because the asserted estoppel-generating conduct on Net 2's part (the New York removal; the unanswered letter; and the telephone call in December) all occurred long after the time for removal had expired. Thus, National Graphic did not rely on this conduct in missing the filing deadline, which had already passed.

### (2) Waiver

■ There is also no evidence of any waiver by Net 2, or any agreement or stipulation between the parties not to challenge removal. On December 17, 2003, Net 2 told National Graphic that it would not consent to removal. It did not have to provide the legal reasons it would use in its motion to remand.

Net 2 also did nothing before December 2003 to suggest that it would not challenge removal to this Court. Removing the New York lawsuit to federal court did not waive its right to object to untimely removal in the parallel action in Maine. Net 2 may have chosen to remove in New York because it preferred New York federal court over New York state court. It is free to have the opposite preference in Maine.

There is, therefore, neither estoppel nor waiver.

### (B) Award of Attorney Fees

■ Net 2 seeks attorney fees in obtaining remand. Pl.'s Mot. for Remand at 1. Title 28 U.S.C. section 1447(c) states: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." It is within the court's discretion to award costs and actual expenses pursuant to 28 U.S.C. § 1447(c). Bad faith is not a necessary condition for such an award under this statute. *See, e.g., Excell, Inc. v. Sterling*

*Boiler & Mech., Inc.,* 106 F.3d 318, 322 (10th Cir.1997); *Mints v. Educational Testing Serv.,* 99 F.3d 1253, 1260 (3rd Cir. 1996). *See also* Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3739, at 485 (1998). It is appropriate to make such an award when removal was obviously improper. *State of Maine v. Data General Corp.,* 697 F.Supp. 23, 26 (D.Me.1988) (citations omitted). *See also* Wright & Miller, *supra,* at 486. Here, it was obvious that removal on December 31, 2003 was untimely. Since Net 2 explicitly told National Graphic on December 17, 2003 that it would oppose removal, National Graphic was not misled into the December 31 filing. I therefore conclude that ordering payment under section 1447(c) is appropriate in this case.

■ Section 1447(c) allows for the payment of "actual" expenses. 28 U.S.C. § 1447(c). *See also* House Rep. No. 100–889, at 72 (1988), *reprinted in,* 1988 U.S.C.C.A.N. 5982, 6033 (stating that section 1447(c) was amended "to ensure that the court may order payment of actual expense caused by an improper removal"). Net 2's lawyer states by affidavit that he spent 8.5 hours reviewing the notice of removal, doing legal research, and preparing the motion for remand and accompanying exhibits. Mehnert Decl. ¶ 7. This is a reasonable amount of time. He also states that the hourly rate for an attorney with his experience is $185, *id.* ¶ 5, but that as in-house counsel, his hourly wage, including benefits, is $45. *Id.* ¶ 6. The $45 rate is probably less than actual expenses, because it may not account for such items as overhead and supplies. But no justification is given for awarding the $185 rate as somehow reflecting "actual" expenses. Since Net 2 provides only these two options for determining attorney fees, I can only award the $45 multiplied by the number of hours worked.

### III. CONCLUSION

The plaintiff Net 2 Press, Inc.'s Motion for Remand is GRANTED. The defendant National Graphic Supply Corp. is ordered to pay the plaintiff's attorney fees of Three Hundred Eighty–Two Dollars and Fifty Cents ($382.50).

So ORDERED.