NATHAN H. LANDER, administrator, *vs.* JAMES ARNO.

Androscoggin, 1875.—March 1, 1876.

The general rule that a judgment of a court having jurisdiction of the subject matter and the parties and the process and rendered directly upon the point in question is conclusive between the same parties, is not complied with, when the same person though a party in both suits is such in different capacities; in the one individually, in the other as administrator.

Where the issue actually tried is not shown by the record it may be shown by parol.

A. gave his promissory note to B. and conveyed to him a parcel of land as security for the payment of the same, taking B.'s agreement to re-convey the land when the note should be paid; B. conveyed the land to C. ; afterwards in a real action, A. recovered the land of C. upon the ground, either that the deed from A. to B. was never delivered to B., or that it was obtained from A., by duress; the administrator of B. now sues A. upon the note. *Held,* that the judgment in the former action is not *per se,* a bar to the present suit. *Held,* also, that the former judgment can be made available, as a defense to this suit, by showing such an inseparableness of connection in the parts of the transaction, that the note could not have been delivered if the deed was not, and that the note must have been obtained by duress if the deed was; provided it appears that the plaintiff's intestate actually defended the former action or that he stood in a relation to it giving him the legal right to do so. *Held,* further that oral evidence may be received to prove any facts which go to establish such a defense, so far as such facts do not appear of record, either in support of a plea in bar or under the general issue.

Where a note and a mortgage to secure it are executed at the same time, a judgment against the validity of the mortgage will not be *per se* a bar to a suit upon the note.

ON REPORT.

ASSUMPSIT on a promissory note. The defendant, in the lifetime of Robert H. Randall, being indebted to him, to secure the debt, conveyed to him a parcel of land in Wales, giving him at the same time a note for the amount of the debt. Randall, at the same time and as a part of the same transaction, gave Arno a bond to reconvey the premises on payment of the note. Subsequently Arno charged Randall with a forcible carnal connection with his wife, which resulted in her death. To settle this, Randall gave up the note and conveyed the land to Arno. Immediately afterwards, Arno replaced the papers giving Randall a deed of the premises conveyed as above to him, also at the same time a new note ; and Randall gave Arno a bond like the first, the intention,

as claimed by the grantees of Randall, being to replace the parties in their former position. Arno claimed that this last transaction was the result of duress, and brought a writ of entry against Randall's grantees to recover the premises by him conveyed. In the progress of the trial on the writ of entry, Arno the plaintiff in that case offered evidence tending to show duress in obtaining the last mentioned deed and also to show that there was no delivery of it. In that action the plea of the defendants, grantees of Randall, was the general issue. There was a general verdict in favor of the plaintiff, Arno; judgment was subsequently taken and a writ of possession issued. This suit is brought on the note last given. The defendant claimed to plead this judgment in bar of the present suit and to show by parol evidence the identity of the issues. If in the opinion of the full court the said judgment is a bar *per se* to this suit, then plaintiff to be nonsuit; otherwise, action to stand for trial: and the full court is to determine whether or not parol evidence will be admissible to prove what issue was actually tried in the former suit.

*W. P. Frye, J. B. Cotton,* and *W. H. White,* for the plaintiff.

The two questions in the case are practically reduced to one: Can the judgment be an estoppel.

The essential conditions under which the doctrine of *res judicata* becomes applicable are, the identity of the thing demanded, the identity of the cause of demand, and of the parties in the character in which they are litigants. Herman on Estoppel, § 29.

The counsel contended that there was no identity in either of these respects; though Randall one of the defendants in that suit was a plaintiff in this, the capacity was different; in that, he was sued as an individual, in this he sued as administrator. It does not appear that Randall or his estate could have interfered in that suit against Lander for the land. Neither Lander or Emily B. Randall had possession or control of the note in this suit. In that case, the thing demanded was land; in this case it was payment of a note.

*M. T. Ludden,* for the defendant.

The judgment shows that Arno was, at the time Randall got

the deed, and has ever since been, the owner of the land; that Arno was not then a debtor to Randall; that the parties are the same only reversed, and one less in number in this suit. Lander was then as he is now, the administrator and son-in-law of Randall.

The deed, bond and note are intertwined and each a part of one and the same transaction, so that the removal of the deed by the judgment of court breaks the chain, and the entire transaction falls.

PETERS, J. The first point, upon the facts agreed, is, whether the former judgment is *per se* a bar to the present suit. It is very clear that it cannot have that effect. *Non constat,* that the issue decided there and the issue to be decided here are the same. It does not appear that this cause of action was extinguished by the judgment in the other suit. Randall held the note and received the deed of the land as a security therefor, giving a bond to reconvey when the note should be paid. The claim of his grantees (to the land) was defeated in the former litigation, upon either one or the other of two defenses there set up; either because the deed was in fact never actually delivered to Randall or because it was obtained by him by duress. The present claim is, to recover upon the note. For aught that appears, Randall might have been entitled to hold the note, and not entitled to hold the land. He may have got the one without duress, but not the other. The note may have been delivered, while it was otherwise with the deed. The two are independent and separable contracts to a certain extent. It is apparent enough, therefore, that the defense set up cannot be sustained by the record alone.

Then the question is propounded to the court "whether or not parol evidence is admissible to prove what issue was actually tried in the former suit." We have no doubt of it, if the proof can be made relevant to the pending issue. The law is well settled in this state upon that point. Oral testimony may, for that purpose, be received in support of a plea in bar or under the general issue. Where the record of a case fails to show the ground upon which judgment therein was rendered, a resort may be had to the next

best evidence. *Walker* v. *Chase*, 53 Maine, 258. *Hood* v. *Hood*, 110 Mass., 463. But if the grounds of a judgment appear by the record, they must be proved by the record alone. Same cases; and *Sturtevant* v. *Randall*, 53 Maine, 149.

If there was no other difficulty in the way, and the defendant could show such an inseparableness of connection in the parts of the transaction, that, if the deed was not delivered, the note could not have been; or that, if the deed was obtained by duress, the note must also have been obtained in the same way, then the defense in this case would be made out. Under such circumstances part of the transaction being void, all of it is void. The deed being void, the note is also. The jury in the former case finding one fact, *ex necessitate* found both facts. All the facts constituted but a single transaction. And it is well established law, at the present day, that when a fact is once adjudicated by a tribunal of competent authority, the parties to the litigation are concluded thereby in any subsequent suit. In addition to the cases before cited, the following are pertinent authorities hereto : *Lynch* v. *Swanton*, 53 Maine, 100 ; *Bunker* v. *Tufts*, 57 Maine, 417 ; *Slade* v. *Slade*, 58 Maine, 157 ; *Atkinson* v. *White*, 60 Maine, 396 ; *Hill* v. *Morse*, 61 Maine, 541 ; Bigelow on Estoppel, 45.

But the defendant has another difficulty to encounter. The parties to the two litigations, must be the same, or must stand in an attitude and relation to each other, having the same effect as if they were identically the same. Does that relation of the parties exist here ? The other action was not with Randall but with his grantees. Besure, one of the grantees is a plaintiff in this suit, in his representative capacity as administrator. But no importance can be attached to that fact, any more than there would be if the administrator were any other man. Nor does it appear that Randall conveyed with any covenants of warranty, or that he defended that suit, or that he had any interest therein or knowledge thereof. Upon these facts, (they may appear otherwise when the case is tried,) the defense by estoppel, or *res adjudicata*, which the defendant seeks to establish, would fail. The general rule is, that a person cannot be bound by a judgment, when he is not a party thereto, unless he had a right to appear and take part in the trial,

and control or help control the proceeding and appeal from the verdict or decree obtained therein. But if it can be established, that Randall's grantees really held the title to the land as a trust for his benefit, so that he was really the party in interest in that suit, or that on account of any covenants he actually defended the suit, or had the legal right to do so, in such case, if the identity of the issues is proved, he and his representatives would be concluded by the judgment thus obtained. 1 Green. Ev., 523. Bigelow on Estoppel, 65. *Case* v. *Reeve*, 14 Johns., 79. *Thurston* v. *Spratt*, 52 Maine, 202. *Emery* v. *Fowler*, 39 Maine, 326.

*Action to stand for trial.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.