RITA HUARD, ET AL.

*vs.*

EVA E. PION

Kennebec. Opinion, July 10, 1953.

 

*Dubord & Dubord,* for plaintiff.

*Roland J. Poulin,* for defendant.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, NULTY, WILLIAMSON, TIRRELL, JJ.

TIRRELL, J. This case is before the Law Court on report.

The case is a real action brought by the plaintiffs as remaindermen under the will of Pierre T. Mercier, also known as Peter Marshall. Title to a portion of land devised for life by Pierre T. Mercier to his daughter, Emma Landry, and at her death to the plaintiffs, is in issue.

Plaintiffs' writ is dated May 20, 1952, and it describes the land in question.

Defendant filed a plea of the general issue with a brief statement setting forth in substance that Emma Landry, life tenant, brought a real action asserting title to the same land against the defendant, that judgment was entered in favor of the defendant, and that the present plaintiffs are estopped from recovering judgment in the present action.

Plaintiffs filed a counter-brief statement in which they set forth that they are not bound by the judgment.

The case was reported to the Law Court with a stipulation that if the Law Court determines that the plaintiffs are bound by the judgment, the case is to be remanded to the Superior Court for entry of final judgment for the defendant, and that if the issue is determined in favor of the plaintiffs, then the cause is to be remanded to the Superior Court for trial on the merits.

Plaintiffs were not parties to the action brought by Emma Landry against the present defendant. Subsequent to the decision rendered in the suit brought by Emma Landry against the present defendant, Emma Landry quitclaimed the premises in question to the remaindermen for the purpose of giving the remaindermen immediate right of possession, which is of course an essential element in a real action.

The issue for determination is whether or not remaindermen are bound by a judgment rendered in an action brought

by the life tenant, said remaindermen not having been made parties to the prior action.

The general rule is that an estoppel resulting from a judgment is available to either party in a subsequent action. It is well settled that the doctrine of *res judicata* does not operate to affect strangers to a judgment, that is, to affect the rights of those who are neither parties nor in privity with a party therein. Am. Jur. Judgments, Vol. 30, Sec. 220; *Hill* v. *Stevenson*, 63 Me. 364-368.

In *Elmer E. Morrison* v. *George E. Clark*, 89 Me. 103, this court, in an opinion by Mr. Justice Whitehouse, said:

> "The two leading and essential elements of the doctrine of res judicata are the identity of the parties to the suit and the identity of the issue necessarily involved. Bigelow on Estop. 27-46. Hence to ascertain whether a judgment is a bar in a given case, it is necessary to inquire whether the subject matter in controversy was brought directly in question by the issue in the proceedings which terminated in the former judgment; and whether the former suit was between the same parties in the same right or capacity, or their privies claiming under them. *Lander* v. *Arno*, 65 Me. 26; *Bigelow* v. *Winsor*, 1 Gray, 299."

and in *Albion L. Savage* v. *North Anson Manufacturing Company*, 124 Me. 1, 4, the court stated:

> "It is a general and fundamental rule that judgments to be binding must be for the same cause of action and between the same parties or their privies. Under the term, parties, the law includes all persons who, though not nominally parties, but being directly interested in the subject matter, have a right to make a defense, or to control the proceedings, and to appeal from the judgment of the court, which right also includes the right to adduce testimony and cross-examine witnesses offered by the other side. Persons not having these rights are regarded as strangers to the cause and, of course, are not bound. Greenleaf on

Ev., Vol. 1, Sec. 523; *Cecil* v. *Cecil,* 19 Md. 72, 80; *Lovejoy* v. *Murray,* 3 Wall. 1, 19. Privies with respect to judgments are those who have some mutual or successive relationship derived from one of the parties and accruing subsequent to the commencement of the action. 23 Cyc. 1253, 5, b; Bigelow on Estoppel, Page 142; *Seymour* v. *Wallace,* 121 Mich., 402; *Orthwein* v. *Thomas,* 127 Ill. 554. To give full effect to this rule, however, all persons represented by the parties, and who claim under them, are equally concluded."

See also *Van Buren Light & Power Co.* v. *Inhabitants of Van Buren,* 118 Me. 458, 461.

These plaintiffs had no right, in the original case, to participate in the trial thereof or to appeal from the judgment, neither did they have the right to adduce testimony or cross-examine witnesses. They were not parties to the original action.

This court, in *J. Frederic Burns* v. *Baldwin-Doherty Company,* 132 Me. 331, 333-335, said:

"It is a principle of the common law that when a fact is once finally adjudicated, without fraud or collusion, by a tribunal of competent jurisdiction, the judgment binds the parties and their privies. *Lander* v. *Arno,* 65 Me. 26; *Van Buren Light & Power Company* v. *Inhabitants of Van Buren,* 118 Me., 458, 109 A., 3; *Old Dominion Copper Min. etc., Co.* v. *Bigelow,* 203 Mass., 159, 214, 89 N.E., 193.

"Parties, in the larger legal sense, are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies. Greenleaf Evid., Sec. 523, 535; *Duchess of Kingston's Case,* 3 Smith's Lead. Cas., 1998 (9th Am. ed.); *Litchfield* v. *Goodnow,* 123 U.S., 549, 31 Law Ed. 199. The same thing may also be said of those who assume to have the right to do these things. *Winchester* v. *Heiskell,* 119 U.S., 450, 30 Law ed., 462.

"Privity is a 'mutual or successive relationship to the *same rights* of property.' (Bouv. Law Dict., Greenleaf Evid., Sec. 189.) (Italics ours).

"The plaintiff, in invoking estoppel, must establish that all the essential characteristics of parties were really present in the" "defendant as a party to the former suit. Estoppels, to be good, must be mutual and reciprocal. *Litchfield* v. *Goodnow, supra, . . . . . .*"

"All remaindermen claiming under the same deed or will are in privity with each other, and mutually bound by a judgment for or against one of their number. On the other hand, a remainderman or reversioner is not thus in privity with the tenant for life, or with a tenant in dower, or a tenant by the curtesy. Indeed, it has sometimes been held generally that the rights of the remaindermen are not affected by a judgment for or against the life tenant in a suit to which they are not parties; and this is *undoubtedly true where the remaindermen are not represented in the suit.*" (Italics ours). (50 C.J.S., Judgments, p. 357, Sec. 810, Sec. b).

The term "privity" denotes mutual or successive relationship to the *same right* of property. Emma Landry, the plaintiff in the original suit, owned a life tenancy. The present plaintiffs, at the date of their writ, were owners in fee simple. Under this well established rule there was no privity between the parties. See *Lang* v. *Metsger,* 101 Ill. App. 380; *Strayer* v. *Johnson,* 1 A. 222, 110 Pa. 21; *Harang* v. *Golden Ranch Land & Drainage Co.,* 79 So. 768, 143 La. 982; *Burns* v. *Baldwin-Doherty Co.,* 132 Me. 331, Words and Phrases Per. Ed., Vol. 33, pages 819-820.

If the life tenant had conveyed to a stranger, there being privity of title between such stranger and the life tenant, the stranger would be estopped by the judgment against the grantor.

There being no privity between a life tenant and his remainderman, the remainderman would not ordinarily be

estopped by a judgment against the life tenant. In the present case, however, the remainderman did not succeed to the life tenant's estate by death but came into immediate possession by virtue of having received a quit-claim deed from the life tenant. At the time these plaintiffs received the quit-claim deed from their mother they were already seized in fee of the estate subject, of course, to the life estate held by her. The quit-claim deed from Emma Landry to her children, the plaintiffs in this action, did not convey her life estate to her children as remaindermen, but amounted to a release thereof and the remaindermen were holding the property described in the writ under their original title as vested remaindermen under the will of their grandfather, Pierre T. Mercier; and are therefore not in privity with the life tenant by reason of the deed of release.

> "Generally, if a life estate and a remainder, reversion, or the like, become united in the same person, the life estate is merged. Thus, if a life estate is the only estate preceding an estate in reversion or remainder and the remainderman acquires the life estate or, under an agreement, rents the estate for life, for and during the life of the person entitled to it, the life estate is merged in the remainder." (19 Am. Jur., page 592, Sec. 139).

The plaintiffs are not bound by the judgment set forth in the pleadings of the plaintiffs, to wit: the prior judgment against the life tenant in favor of the defendant. In accordance with the stipulation the entry is,

*Case remanded to Superior Court for trial on the merits.*