NORTHEAST HARBOR
GOLF CLUB, INC.

v.

TOWN OF MOUNT DESERT et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 29, 1992.

Decided Dec. 30, 1992.

---

James E. Patterson, Ellsworth, John H. Schafer, Washington, D.C., for plaintiff.

William R. Black, Black, Lambert, Coffin & Rudman, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Northeast Harbor Golf Club, Inc., appeals from a judgment entered in the Superior Court (Hancock County, *Kravchuk, J.*) affirming the Mount Desert Planning Board's decision to review a subdivision proposal under an earlier version of the Town's ordinance. Because a review of the merits of this case is barred by the doctrine of *res judicata,* we affirm.

I.

In December of 1988 Shepard Harris submitted a proposed subdivision plan to the Mount Desert Planning Board to develop a 5.11–acre parcel near the Northeast Harbor Golf Club. Three members of the Board inspected the site the following day. The Planning Board informed Harris of a proposed change in the zoning ordinance that, if it were adopted the following March, would affect his proposed development.

Thereafter, Harris submitted a formal application for subdivision approval. The Planning Board chairman initially reviewed it and gave Harris a receipt noting that the entire Board would review the application. Before that review took place, however, the Town amended the ordinance. The Planning Board then discussed whether the Harris subdivision should be reviewed under the pre-amendment or post-amendment version of the ordinance. On the advice of an attorney, the Board voted to proceed with the application under the pre-amendment ordinance.

In May of 1989 the Committee to Preserve the Integrity of the Northeast Harbor Golf Course appealed the ruling of the Planning Board to the Zoning Board of Appeals. There were eighteen members of the Committee, twelve who were members of the Golf Club and one who owned stock in the Golf Club. After a public hearing, the Zoning Board of Appeals affirmed the Planning Board's ruling.

The Committee appealed the Zoning Board of Appeals' decision to the Superior Court pursuant to M.R.Civ.P. 80B. In August of 1990 the Superior Court (*Kravchuk, J.*) affirmed the decision of the Zoning Board of Appeals. *See Committee to Preserve the Integrity of the Northeast Harbor Golf Course v. Code Enforcement Officer,* No. CV–89–113 (Me.Super.Ct., Han.Cty., Aug. 6, 1990) [*Committee v. CEO*]. The Committee did not appeal that decision.

In March 1991 the Golf Club filed a petition with the Planning Board to reconsider

its previous ruling concerning the Harris subdivision. The Planning Board ruled that it would consider the Harris application under the pre-amendment ordinance, and then voted to approve the subdivision application.

The Golf Club filed a complaint for review of the Planning Board's action pursuant to M.R.Civ.P. 80B, claiming that the Planning Board erred in considering the Harris subdivision plan under the pre-amendment ordinance. The court affirmed the Planning Board's ruling. *See North-east Harbor Golf Club v. Town of Mount Desert*, No. CV–91–103 (Me.Super.Ct., Han. Cty., Mar. 17, 1992) [*Golf Club v. Town* ]. The Golf Club appeals from that decision.

## II.

 The threshold question that must be answered is whether, under the doctrine of *res judicata*, the court's August 1990 decision in *Committee v. CEO* bars the Golf Club from seeking further review of the Planning Board's ruling that was affirmed by the court in March 1992 in *Golf Club v. Town*. The doctrine of *res judicata* is a "court-made collection of rules designed to ensure that the same matter will not be litigated more than once." *Beegan v. Schmidt*, 451 A.2d 642, 643–44 (Me. 1982). To apply the doctrine, the court must find that:

1) the same parties, or their privies, are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were, or might have been, litigated in the prior action.

*Id.* at 644.

In this case, the only issue is whether the parties in the two actions, i.e., the Committee and the Golf Club, are the same or in privity with each other. In *Arsenault v. Carrier*, 390 A.2d 1048, 1050 (Me.1978), we stated that, "[i]n determining who are the 'parties' who will be bound by a prior judgment, we look beyond the nominal parties of record to the real parties in interest."

 The parties here cannot be deemed to have been identical parties. A party "includes all persons who, though not nom-inally parties, but being directly interested in the subject-matter, have a right to make a defense, or to control the proceedings, and to appeal from the judgment of the court, which right also includes the right to adduce testimony and cross-examine witnesses offered by the other side." *Huard v. Pion*, 149 Me. 67, 69, 98 A.2d 261, 262 (1953) (quoting *Savage v. North Anson Mfg. Co.*, 124 Me. 1, 4, 124 A. 721, 722 (1924)). Although there was a certain degree of cross-membership, that fact alone is an insufficient basis on which to conclude that the Golf Club and the Committee are identical parties for the purposes of *res judicata*.

 The Golf Club, however, was in privity with the Committee. We have said that privity is created when two or more persons have a mutual or successive relationship to the same rights of property. *See Arsenault v. Carrier*, 390 A.2d at 1051. We further recognize that substance over form controls the inquiry into whether privity will be found.

 In *Committee v. CEO*, the issue of standing was fully litigated and the court found that the Committee and its members had the requisite particularized injury, citing *Harrington v. Inhabitants of Kennebunk*, 459 A.2d 557, 559 (Me.1983). The factors on which the court relied were as follows:

1) increased traffic on the public road, Sargent Drive, and the private way leading from Sargent Drive to the Golf Club; 2) a change in the general character of the neighborhood in which plaintiff land owners reside; and 3) alteration of the pastoral character of the environment surrounding the Golf Course in the area of the proposed subdivision.

*Committee v. CEO*, No. CV–89–113 (Me.Super.Ct., Han. Cty., Aug. 6, 1990). These are the identical factors that give the Golf Club standing to challenge the proposed use of the Harris property. In these circumstances, it is the mutual relationship of the Committee and the Golf Club to the Harris proposal that establishes the commonality of interest justifying the application of *res judicata* to bar this renewed challenge to the Board's ruling.

The entry is:
Judgment affirmed.

All concurring.