STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-150
GAB —YOR- 1/29/2004

PAUL & ELLEN HAYDEN,

Plaintiffs

v.                                                    ORDER

DONALD L. GARBRECHT
LAW LIBRARY

IMAGES HOUSING CONCEPTS, INC.
and APEX HOMES, INC.,

FEB 6 2004

Defendants

Before this court is Defendant, Apex Homes, Inc.'s Motion to Dismiss, pursuant to M.R. Civ. P. 12(b)(1) and (6), as well as Defendant, Apex Homes, Inc.'s Motion for Summary Judgment and Defendant Images Housing Concepts, Inc.'s Motion for Summary Judgment, pursuant to M.R. Civ. P. 56(c). Following hearing, both Motions for Summary Judgment will be Granted.

## FACTS

Plaintiffs; Paul and Ellen Hayden reside at 105 Fall Mill Road, York Maine. In February 2000, Plaintiffs entered into a contract with Defendant, Images Housing Concepts, Inc. ("Images") to purchase and erect a modular home. Defendant Images, in turn, contracted with Defendant, Apex Homes, Inc. ("Apex"), the manufacturer of the modular home. The modular home was delivered by Defendant Apex in May 2000, after which, Defendant Images assembled the home. Following this, Plaintiffs discovered serious defects.

On or about March 9, 2001, Stewart O'Keefe, a sub-contractor on the project, commenced a mechanic's lien action in the Maine District Court against the Plaintiffs

and Defendant Apex. Following this, on March 29, 2001, Plaintiffs filed an answer in which they asserted cross-claims against Defendant Apex for Negligence (Count I), Breach of Contract (Count II), and Violation of the Unfair Trade Practices Act (Count III). In addition, on December 5, 2001, the parties to the District Court action participated in a mediation session, which failed to resolve the Plaintiffs claims. Ultimately, on February 21, 2003, the Maine District Court entered an Order granting Defendant Apex's Motion for Summary Judgment. On September 17, 2003, the Maine District Court entered an order certifying the February 21, 2003, Order as a final judgment.

On June 20, 2003, Plaintiffs filed their Complaint in the York County Superior Court. In response Defendant Apex and Defendant Images filed an answer to Plaintiff's Complaint. Additionally, on August 25, 2003, Defendant Apex filed a Motion to Dismiss Plaintiffs claims, and on November 4, 2003 filed a Motion for Summary Judgment. Defendant Images also filed a Motion for Summary Judgment on December 3, 2003. Plaintiffs object to all of the above Motions.

## DISCUSSION

### A. Defendant Apex's Motion to Dismiss

Defendant Apex's Motion to Dismiss and Motion for Summary Judgment are identical in their factual and legal arguments. Accordingly, this court will address them simultaneously.

First, when reviewing the Defendant's motion to dismiss, this court will look at the complaint in the light most favorable to the Plaintiff, taking the material allegations as admitted. *See* In re Wage Payment Litigation, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond a doubt that the

2

Plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996).

Defendant Apex argues that the Plaintiffs'claims should be dismissed because their allegations in the cross-claim in the District Court action are identical to the allegations in their present Complaint. Specifically, Defendant Apex contends that the doctrine of *res judicata* bars the Plaintiffs'Complaint in this action because of the final judgment issued by the District Court on February 21, 2003. Conversely, Plaintiffs assert that the same matters presented in this action were not and could not have been litigated in the District Court action.

"Under Maine law, *res judicata* may be invoked to bar the re-litigation of a dispute only if three elements are satisfied: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action." Tungate v. Gardner, 2002 ME 85, ¶ 5, 797 A.2d 738, 740 (quotations omitted) (citing Dep't of Human Servs. o/b/o Boulanger v. Comeau, 663 A.2d 46, 48 (Me. 1995)).

Here, Plaintiffs and Defendant Apex were involved in the District Court action and in this present action. On September 17, 2003, the District Court certified its February 21, 2003, Order as a final judgment. What is in dispute, however, is whether or not the matters presented for decision in this action were, or might have been, litigated in the District Court action. Plaintiffs filed a cross-claim against Defendant Apex in District Court asserting negligence, breach of contract, and violation of the Unfair Trade Practices Act by Defendant Apex. In the present action, Plaintiffs have asserted breach of contract, negligence, misrepresentation, breach of implied warranty of merchantability, breach of implied warrant of fitness for a particular purpose, and an

Unfair Trade Practices Act violation. These claims are substantially similar and are based on the same factual matrix.

However, Plaintiffs argue that the specific claims asserted against Defendant Apex in this action could not have been asserted in the District Court action because, although they were aware that their home contained defects, they were not aware that it was structurally unsound. Plaintiffs assert that they were not aware of the structural problems, which serve as a basis for this claim, until they hired an engineer and were given his report dated April 18, 2003. Viewing the factual allegations in the Complaint in a light most favorable to the Plaintiffs this court finds that dismissal of the Complaint is inappropriate.

### B. Defendant Apex's Motion for Summary Judgment

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); <u>Saucier v. State Tax Assessor</u>, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. <u>Kenny v. Dep't of Human Services</u>, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. <u>Blanchet v. Assurance Co. of Am.</u>, 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

Based on the findings above, the question presented on summary judgment is whether the additional claims not asserted in Plaintiffs District Court cross-claim could and should have been asserted in their District Court Complaint. The Law Court has held that "[t]o determine whether the matters presented for decision in the instant action were or might have been litigated in the prior action, we examine whether the same cause of action was before the court in the prior case." <u>Camps</u>

Newfound/Owatonna, 1998 ME 20, ¶ 11, 705 A.2d 1109. (citations and quotations omitted). The Law Court has defined a "cause of action" by using a test, which provides that:

> the measure of a cause of action is the aggregate of connected operative facts that can be handled together conveniently for purposes of trial. A prior judgment bars a later suit arising out of the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case.

Id. (quotations and citations omitted). Here, the facts that underlie both the District Court action and this action are part of an "aggregate of connected operative facts" which could have conveniently been adjudicated in a single action.

In addition:

> [a] plaintiff may not split a cause of action and prosecute each of its parts in separate lawsuits. Judicial economy, fairness to litigants and the strong public interest favoring finality in judicial proceedings demand that a plaintiff present all relevant aspects of his cause of action in a single lawsuit. Res judicata prevents a litigant from splitting the litigant's claim and pursuing it in a piecemeal fashion by asserting in a subsequent lawsuit other grounds of recovery for the same claim that the litigant had a reasonable opportunity to argue in the prior action.[1]

Camps Newfound/Owatonna, 1998 ME 20, ¶ 11, 705 A.2d 1109 (quotations and citations omitted).

Accordingly, this court finds that Plaintiffs had an opportunity to bring these claims against Defendant Apex in the Maine District Court, but failed to do so.

---

[1] To the extent that further investigation might be required to fully explore the defects in the home, the parties could have requested an extension of the discovery period or a stay of the action.

## C. Defendant Images Motion for Summary Judgment

A party is entitled to summary judgment where there exists no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 4, 745 A.2d 972. A material fact is one having the potential to affect the outcome of the suit. Kenny v. Dep't of Human Services, 1999 ME 158, ¶ 3, 740 A.2d 560. A genuine issue exists when sufficient evidence supports a factual contest to require a fact finder to choose between competing versions of the truth at trial. Blanchet v. Assurance Co. of Am., 2001 ME 40, ¶ 6, 766 A.2d 71 (citation omitted).

Defendant Images argues that Plaintiffs' complaint is barred by the doctrine of *res judicata*. Specifically, Defendant Images argues that a valid final judgment was entered in the prior action, that the issues might have been litigated in the District Court action, and that the same parties or their privies were involved in the District Court action. Since this court has addressed and found that a final judgment was entered in the prior action and that the issues might and should have been litigated in the District Court, the only additional issue presented in this motion is whether Defendant Images was either a party or privy in the prior District Court action. See Tungate 2002 ME 85 at ¶ 5, 797 A.2d at 740.

The Law Court has held that "a party includes all persons who, though not nominally parties, but being directly interested in the subject-matter, have a right to make a defense, or to control the proceedings, and to appeal from the judgment of the court, which right also includes the right to adduce testimony and cross-examine witnesses offered by the other side." Tungate, 2002 ME 85 at ¶ 6, 797 A.2d at 740-41 (citing N.E. Harbor Golf Club, Inc. v. Town of Mount Desert, 618 A.2d 225, 227 (Me. 1992) (quoting Huard v. Pion, 149 Me. 67, 69, 98 A.2d 261, 262 (1953)). "Thus, we look

beyond the nominal parties of record to the real parties in interest." Tungate, 2002 ME 85 at ¶ 6, 797 A.2d at 740-41 (quotations omitted) (citing Arsenault v. Carrier, 390 A.2d 1048, 1050 (Me. 1978)).

Here, Plaintiffs made claims against Defendant Apex in the previous District Court action. In addition, although Defendant Images was not joined in the prior action, it "was referenced by name in the Plaintiffs' Third-Party Complaint, participated in litigation and was present and the fully participated in the mediation of the first action." (Defendant Images SMF at ¶¶ 9-15.) Consequently, this court finds that Defendant Images was a real party in interest.

Even if Defendant Images was not a party to the District Court action, the Plaintiffs actions are barred because Defendant Apex is in privity with Defendant Images. "Privity is created when two or more persons have a mutual or successive relationship to the same rights of property. We have also stated that the privity relationship generally involves a party so identified in interest with the other party that they represent one single, legal right." Tungate, 2002 ME 85 at ¶ 9, 797 A.2d at 741. In the case at bar, Defendant Images and Defendant Apex's relationship arose out of Plaintiffs' contract with Defendant Images for the erection of a modular home. The parties are all in privity of contract. Accordingly, this court finds that the common interest between Defendant Apex and Defendant Images establishes privity and thus the doctrine of *res judicata* applies in this case. See N.E. Harbor Golf Club, 618 A.2d at 227 (holding that the parties were in privity with each other because of a common interest. Hence, the court held that the Plaintiffs "should be barred from bringing a subsequent action arising out of the same factual predicate.")

I fully realize this is a harsh result for the Haydens and I am sympathetic to their situation. They did not initiate the original District Court action and, apparently,

submitted to summary judgment on their cross-claims in order to facilitate a refinancing. However, "judicial economy, fairness to [all] litigants and the strong public interest favoring finality in judicial proceedings demand that a [claimant] present all relevant aspects of his cause of action in a single lawsuit", *Camps Newfound/Owatonna, supra.* *Res judicata* is a time honored and necessary doctrine to achieve these goals, and one that must apply in this case.

WHEREFORE, this court **DENIES** Defendant Apex's Motion to Dismiss, pursuant to M.R. Civ. P. 12(b)(1) and (6). But, this court **GRANTS** Defendant Apex's Motion for Summary Judgment and **GRANTS** Defendant Images Motion for Summary Judgment, pursuant to M.R. Civ. P. 56.

Dated: January 29, 2004

G. Arthur Brennan
Justice, Superior Court

Timothy C. Coughlin, Esq. — PLS
David Pierson, Esq. — DEF. APEX HOMES, INC.
Jonathan W. Brogan, Esq. — DEF. IMAGES HOUSING CONCEPTS, INC.

8