STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-334
PAR -YOR - 1 19/2005

LINNEA J. MARAVELL,

Plaintiff     .

v.

**ORDERS ON
PENDING MOTIONS**

R. J. GRONDIN & SONS and
W/S BIDDEFORD PROPERTIES
LIMITED LIABILITY COMPANY,

Defendant

JAN 24 2005

The plaintiff filed this complaint on December 11, 2002 because of blasting activities which ended in mid-December 1996 which she says damaged her hearing. She initially sued the blasting contractor and settled that suit. This separate complaint is against the general contractor R. J. Grondin and the property owner W/S Biddeford. Three motions for summary judgment and two motions to strike have been filed. The motions to strike have been separately granted.

The summary judgment motions filed by Grondin and W/S Biddeford raise three arguments. They claim that summary judgment should be granted under the claim preclusion prong of the doctrine of *res judicata*, that summary judgment should be granted for most of the claim as nearly all of the blasting took place outside the statute of limitations and that summary judgment should be granted because the plaintiff has not produced an expert who will testify regarding the duties of general contractors and land owners.

There is no question that a valid final judgment was entered in the first lawsuit and that the matters presented for decision in this case could have been litigated in the first case if all defendants had been sued initially. The only question regarding *res*

*judicata* is whether the same parties or their privies are involved in both actions. *Department of Human Services v. Comeau*, 663 A.2d 46, 48 (Me. 1995). The plaintiff was the same in both cases. The defendants are not the same and are not sufficiently inter-connected, see *Northeast Harbor Golf Club, Inc. v. Town of Mount Desert*, 618 A.2d 225, 227 (Me. 1992), to treat them as the same defendants for purposes of *res judicata*.

The next series of issues concern what the duties of the defendants are as general contractor and property owner, how those duties are to be established and whether the plaintiff has produced any necessary expert to establish what the duties are and that a breach took place. It is not clear that the property owner and general contractor necessarily have duties that are separate from an independent blasting sub-contractor. Regardless the plaintiff has failed to timely produce an expert who would establish the duties of the general contractor and property owner. More than common knowledge is required.

The final issue, which need not be reached, is the question of whether the continuing tort doctrine would apply to allow all claims of the plaintiff to be considered even though most of the blasting occurred more than six years before this suit was filed. *McLaughlin v. Superintending School Committee of Lincolnville*, 2003 ME 114, ¶23, n.6, 832 A.2d 782, 789.

The entries are:

Defendant Grondin's motion for summary judgment of December 11, 2003 is denied.

Defendant W/S Biddeford's motion for summary judgment is granted.

Defendant Grondin's second motion for summary judgment is granted.

Judgment for the defendants on the complaint.

Dated:  January 19, 2005

Paul A. Fritzsche
Justice, Superior Court

Eric Cote, Esq. – PL
Jonathan Brogan, Esq. – DEF. R.J. GRONDIN & SONS
William C. Nugent, Esq. – DEF. W/S BIDDEFORD PROPERTIES LIMITED LIABILITY COMPANY