STATE OF MAINE                                   SUPERIOR COURT
CUMBERLAND, ss.                                  CIVIL ACTION
                                                 DOCKET NO. CV-04-647

SARAH BARRETT individually
and o/b/o
CALEB BARRETT,

                    Plaintiffs

        v.                                       ORDER ON DEFENDANTS'
                                                 MOTION TO DISMISS AND/OR
BROOKFIELD APARTMENTS, LLC,                      MOTION FOR SUMMARY
RICHARD HARRIS, JR. d/b/a/                        JUDGMENT
HARRIS EVANS ASSOCIATES, and
JAMES HARMON

                    Defendants.


        This matter is before the court on Defendants' Motion to Dismiss or, in the

alternative, Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

## FACTUAL BACKGROUND

        Plaintiff Sarah Barrett has filed the instant action on behalf of herself and her

minor son, Caleb, against defendants Brookfield Apartments, LLC (Brookfield

Apartments), Richard S. Harris, Jr., and James Harmon. Prior to February 1, 2003,

defendant Harris owned an apartment building located at 238 Auburn Street in

Portland.  On or about February 1, 2003, Brookfield became the owner of the

apartment complex.  Defendant Harmon is a member of a Limited Liability Company

called Brookfield Management, LLC, which is responsible for the management of

Brookfield Apartments, LLC.

        From August 1, 2002 until August 11, 2003, plaintiff and her minor son were

tenants of an apartment located in the Brookfield apartment complex.  During plaintiff's

tenancy, mold, mildew and moisture accumulated in the apartment in which she and

her son lived. Plaintiff alleges that the mold, mildew and moisture build-up in her apartment were the result of defendants' negligence and willful misconduct. As a result of the mold and mildew, plaintiff alleges that she suffered a miscarriage, her son developed asthma and allergies and plaintiff's personal property was destroyed or damaged.

Defendants have moved for dismissal or, in the alternative, summary judgment, arguing that plaintiff's action is barred by the doctrines of bar and merger and accord and satisfaction. Defendants argue that because plaintiff previously brought a small claims action and received a judgment against the defendants or their privies, the instant action is barred. According to the undisputed material facts, Plaintiff filed a small claims action on November 25, 2003 naming James Harmon and Harmon Associates as defendants. That action was subsequently dismissed without prejudice after the district court determined that Harmon, who did not own the apartment complex, and Harmon Associates, which did not exist, were not the proper parties to the suit. *See Barrett v. Harmon d/b/a Harmon Assoc.*, 04-SC-98 (Me. Dist. Ct., Portland, March 4, 2004) (Eggert, J.). Plaintiff thereafter filed a second small claims action naming Brookfield Apartments as the defendant. *See* Defs.' Supp. S.M.F. ¶ 8; and Opp. S.M.F. ¶ 8. *See also* Harmon Aff. Ex. 6.

In the second small claims action, plaintiff sought the return of her "security deposit, & 1/2 month's rent x 3," stating that "there was no reason why my security deposit should not have been returned and the portion of my rent because I couldn't stay there since the [apartment] was called uninhabitable by the city." Supp. S.M.F. ¶ 16;

Opp. S.M.F. ¶16. *See also* Harmon Aff. Ex. 6. Plaintiff sought $4050.00 and costs.[1] Supp. S.M.F. ¶ 16; Opp. S.M.F. ¶ 16.

During the hearing, the testimony of all witnesses and plaintiff centered around her claims concerning mold in the apartment.[2] Supp. S.M.F. ¶ 17. Following the hearing, the district court entered judgment in plaintiff's favor in the amount of $570.00 and costs in the amount of $45.00. *See Barrett v. Brookfield Apartments, LLC*, No. 04-SC-304 (Me. Dist. Ct., Portland, Aug. 20, 2004) (Beaudoin, J.). The hearing was not recorded and, because of that fact, the district court judge denied Brookfield's motion for findings of fact and conclusions of law. Supp. S.M.F. ¶ 20. *See also* Opp. S.M.F. ¶ 20.

## DISCUSSION

Arguing that the instant action involves claims that were litigated or could have been litigated in the prior action, defendants contend that this action is barred and dismissal is appropriate pursuant to M.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, defendants argue that they are entitled to summary judgment pursuant to M.R. Civ. P. 56.

Defendants' motion is accompanied by an affidavit, a statement of material facts and several exhibits. The court considers the matter before it a motion for summary judgment.

---

[1] In her opposition to defendants' motion, plaintiff contends that the damages she sought were calculated based on 14 M.R.S.A. § 6034. Under 14 M.R.S.A. § 6034, when a landlord wrongfully retains a security deposit the tenant is entitled to double the amount of the security deposit wrongfully retained. *See* 14 M.R.S.A. § 6034(2) (2003). Plaintiff concedes, however, that the amount of damages plaintiff requested in the small claims action was based on an incorrect calculation of allowable damages under the statute. *See* Pl.'s Opp. to Def's Mot. Summ. J. at 3.

[2] Although plaintiff sought to either deny or qualify this fact in her opposing statement of material facts, she failed to do so in accordance with M.R. Civ. P. 56(h)(2). Plaintiff failed to support her denial or qualification with a record citation as required by the rule. *See* M.R. Civ. P. 56 (h)(2). *See also* Opp. S.M.F. ¶ 17. Therefore, pursuant to Rule 56(h)(4), this fact is deemed admitted. *See* M.R. Civ. P. 56(h)(4).

Summary judgment is proper if there is no genuine issue as to any material fact. *See Dickinson v. Clark,* 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655 (citing *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "[S]ummary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College,* 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka,* 352 A.2d 753, 755 (Me. 1976)).

Bar and Merger

In support of their motion, defendants argue first that plaintiff is precluded from bringing the instant action by operation of the doctrine of bar and merger or *res judicata.* In Maine, "[t]he doctrine of bar and merger prohibits relitigation of a cause of action between the same parties or their privies, once a valid final judgment has been rendered in an earlier suit on the same cause of action." *Caporino v. Lacasse,* 511 A.2d 445, 447 (Me. 1986). Based on "concerns for judicial economy, the stability of final judgments, and fairness to litigants," the doctrine of bar and merger is applicable when: "1) the same parties or their privies are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were or might have been litigated in the prior action." *Id.* (quoting *Beegan v. Schmidt,* 451 A.2d 642, 644 (Me. 1982)).

In opposition to defendants' motion, plaintiff does not appear to dispute that the same parties or their privies named in the small claims action are also involved in the instant action. Instead, plaintiff primarily disputes the presence of the third criterion,

listed above, for the application of bar and merger and argues that the matters presented in the instant action were neither litigated nor able to be litigated in the small claims action. *See* Pl.'s Opp'n to Defs.' Mot. Summ. J. at 2-4.

Plaintiff maintains that the issues involved in the instant action are substantially different from those in the small claims action in that the small claims action "was a claim for return of a security deposit under the Maine statute relating to security deposits by landlords," namely 14 M.R.S.A. §§ 6033-6040. Pl.'s Opp'n to Defs.' Mot. Summ. J. at 2. According to plaintiff, the small claims action did not involve any allegation of negligence or willful misconduct but, rather, involved statutory claims relating to her need to move out of the apartment due to its having been declared unfit for human habitation. *See id.* at 3. Because, plaintiff argues, there was no evidence presented in the small claims action relating to her miscarriage or her son's asthma, this action involves claims entirely different from those litigated in the prior action. Finally, plaintiff argues that by operation of 14 M.R.S.A. § 7485, the judgment in the small claims action does not bar the instant action.

14 M.R.S.A. § 7485 (2003) reads:

> Any fact found or issue adjudicated in a proceeding under this chapter, may not be deemed found or adjudicated for the purpose of any other cause of action. The judgment obtained shall be res judicata as to the amount in controversy. The only recourse from an adverse decision shall be by appeal.

*Id.*

The Law Court has addressed the effect that judgments obtained in small claims actions have on subsequent actions as well as the operation of section 7485. In *Caporino*, the court explained that, "[p]ursuant to section 7485, facts found or issues adjudicated in a small claims proceeding may not be deemed found or adjudicated for the purpose of a proceeding based on 'any other cause of action.'" *Caporino*, 511 A.2d at 447 (quoting

14 M.R.S.A. § 7485). That provision does not, however, "prevent application of bar and merger to" cases that represent an "identical cause of action." *Id.* In *Caporino*, the plaintiff had previously brought a small claims action against the defendant "involving circumstances and events relating to a personal injury she suffered on premises owned by Defendant." *Id.* at 446. After obtaining judgment against the defendant, the plaintiff in that case subsequently filed a "complaint alleging that she had sustained bodily injuries caused by [the defendant's] failure to inspect and maintain his premises." *Id.* The Law Court in that case applied the doctrine of bar and merger, notwithstanding section 7485, because the small claims action and the subsequent action "involve[d] the same set of circumstances and events." *Id.* at 447. Further, "the essential duty [the defendant was] alleged to have breached [was] the same in each case: the duty to maintain his premises in a safe condition." *Id.*

After considering the undisputed material facts presented in this case, the court concludes that plaintiff's claims in the instant action arise from the same set of operative facts that formed the basis for the small claims action. In both cases, plaintiff's claims center around the presence and impact of mold in her apartment. Even if plaintiff's causes of action and the legal theories upon which they were based differ, both causes of action arise out of the same set of operative facts, which facts are "related in time, space, [and] origin . . .." *Beegan v. Schmidt*, 451 A.2d 642, 645, 647-48 (Me. 1982). Accordingly, the court concludes that each of the three criteria of the doctrine of bar and merger are present in this case as to Brookfield Apartments and Mr. Harris[3] and plaintiff's claims are consequently barred by the prior adjudication of her claims in small

---

[3] As Brookfield Apartment, LLC's predecessor in interest, Mr. Harris is in privity with Brookfield. *See Tungate v. Gardner*, 2002 ME 85, ¶ 9, 797 A.2d 738, 741 ("Privity is created when two or more persons have a mutual or successive relationship to the same rights of property.") (quoting *N.E. Harbor Golf Club, Inc. v. Town of Mount Desert*, 618 A.2d 225, 227 (Me. 1992)).

claims court. With respect to those parties, therefore, the court GRANTS defendants' motion for summary judgment.

With respect Mr. Harmon, the court similarly concludes that plaintiff's claims are barred as a result of the district court's dismissal of plaintiff's first small claims action against Mr. Harmon in his individual capacity. *See Ervey v. Northeastern Log Homes*, 638 A.2d 709, 710 (Me. 1994) ("It is well established that a valid judgment entered by a court, if not appealed from, generally becomes *res judicata* and is not subject to later collateral attack."). *See also* M.R. Civ. P. 41(b)(3). Accordingly, defendants' motion for summary judgment with respect to claims against Mr. Harmon in his individual capacity is GRANTED.

The court denies defendants' request for attorney's fees under M.R. Civ. P. 11.

The entry is

Defendants' Motion for Summary Judgment is GRANTED.

Dated at Portland, Maine this __4th__ day of __May__, 2005.

Robert E. Crowley
Justice, Superior Court

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

DAVID CHAMBERLAIN ESQ
AINSWORTH THELIN CHAMBERLAIN & RAFTICE
PO BOX 2412
SOUTH PORTLAND ME 04116

CLERK OF COURTS
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

HERSHEL LERMAN ESQ
PO BOX 2010
BIDDEFORD ME 04005