STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-14-355

BRITTANY E. PLAPIS,

Plaintiff

v.

DANNAH E. LAGERSTROM
and YORK INSURANCE
COMPANY OF MAINE,

Defendants

ORDER ON MOTION TO SEVER

STATE OF MAINE
Cumberland ss Clerk's Office

FEB 11 2016

RECEIVED

Before the court is defendant York Insurance Company of Maine's motion to sever. M.R. Civ. P. 21. Defendant York requests it be severed from this matter and the complaint against it be dismissed without prejudice.

Defendant York does not argue it was joined improperly. See Warren v. Preti, Flaherty, Beliveau & Pachios, LLC, 2013 Me. Super. LEXIS 111, at *36 (Mar. 27, 2013) ("[T]o succeed on a motion to sever, [the defendant] must show they were improperly joined in this matter."). Defendant York was properly joined because plaintiff Plapis is asserting against both defendants a right to relief arising out of the same occurrence. M.R. Civ. P. 20(a).

Instead, defendant York argues it stands ready to pay any uninsured motorist benefits required after plaintiff Plapis's damages have been assessed at a trial with defendant Lagerstrom. (Def. York's Mot. Sever 1.) The cases cited by defendant York do not establish this as a proper ground for granting a motion to sever. See Tungate v. Gardner, 2002 ME 85, ¶¶ 2-3, 12, 797 A.2d 738 (holding that plaintiff's prior action against insurer did not bar her subsequent action against insured); Beane v. Me. Ins. Guar. Ass'n, 2007 ME 40, ¶¶ 11, 13, 916 A.2d 204 (holding that exhaustion clause did

1

not apply because at the time of settlement, plaintiffs did not have a claim against insurer).

The entry is

> Defendant York Insurance Company of Maine's Motion to Sever is DENIED.

Date: February 10, 2016

Nancy Mills
Justice, Superior Court